# EXHIBIT B

# ⊙CBS NEWS

**GAYLE C. SPROUL**
**SENIOR VICE PRESIDENT**
**LEGAL AFFAIRS**

555 West 57th Street
New York, New York 10019

October 23, 2024

**By Email**

Edward Andrew Paltzik, Esquire
Bochner PLLC
1040 Avenue of the Americas, 15th Floor
New York, New York 10018
edward@bochner.law

**Re: Demand Letter on Behalf of former President Donald J. Trump**

Dear Mr. Paltzik:

Your letter on behalf of Mr. Trump is based on the faulty premise that 60 MINUTES distorted its interview with Vice President Kamala Harris ("the Interview") in order to present her in a positive light. That, as 60 MINUTES has said in its Statement, is false.

You begin by claiming that 60 MINUTES has "conced[ed]" that Mr. Trump accurately stated that 60 MINUTES "doctored [the Interview] in order to mislead the American People ahead of the Presidential election." This is incorrect:

- 60 MINUTES made no such concession;
- The Interview was not doctored; and
- 60 MINUTES did not hide any part of the Vice President's answer to the question at issue.

It begs logic to argue that 60 MINUTES hid the first part of the Vice President's answer to the question. It did not. The public is aware of that part of her answer because 60 MINUTES itself publicly distributed it by providing it to FACE THE NATION for *promotional* purposes *and* posting it on X and other 60 MINUTES-branded social media for the same reason.

Edward Andrew Paltzik, Esq.  Page 2
October 23, 2024

60 MINUTES fairly presented the Interview to inform the viewing audience, and not to mislead it. Indeed, your contention that 60 MINUTES acted nefariously is entirely unfounded. Instead, the Interview was edited for time with the aim of allowing the public to hear from the Vice President on as many subjects as possible in a 21-minute interview. Editing is a necessity for all broadcasters to enable them to present the news in the time available, and that is what 60 MINUTES did here, as it does with its other reports.

The First Amendment fiercely protects these editorial judgments. *E.g.*, *Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) ("The choice of material to go into a newspaper, and the decisions made as to limitations on the size and content of the paper, and treatment of public issues and public officials – whether fair or unfair – constitute the exercise of editorial control and judgment."); *CBS v. Democratic Nat'l Comm.*, 412 U.S. 94, 124 (1973) (noting in the context of a claim pursuant to the Federal Communications Act, "editing is what editors are for; and editing is selection and choice of material"). For that reason, no private right of action exists here and I note that you do not identify one. Nor is there any legal basis for your demand that we provide you with the unedited transcript of the Interview, which we decline to do.

In light of your letter, we request that any documentation related to its subject matter be preserved by your client for production to us if necessary. We further reserve all claims, privileges and defenses not explicitly stated here, including the right to seek attorneys' fees or assert counterclaims under any applicable anti-SLAPP statute.

Sincerely,

*[signature]*

Gayle C. Sproul