**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>                Plaintiff,<br><br>   v.<br><br>CBS BROADCASTING INC. &<br>CBS INTERACTIVE INC.,<br><br>                Defendants. | Case No. 2:24-cv-00236-Z |

**DEFENDANTS CBS BROADCASTING INC. AND CBS INTERACTIVE INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION
AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER**

Defendants CBS Broadcasting Inc. and CBS Interactive Inc. (together, "CBS" or "Defendants"), by and through their undersigned attorneys, respectfully move to dismiss Plaintiff's complaint (ECF No. 1) ("Complaint") pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1406 or, in the alternative, to transfer this action to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404 or § 1406. In support of their motion, Defendants rely on and incorporate the accompanying memorandum of law, the Declaration of Bill Owens and exhibits thereto, and the Declaration of Gayle C. Sproul and exhibit thereto.

As more fully described in the memorandum of law, the Complaint should be dismissed for lack of personal jurisdiction and for improper venue. At a minimum, transfer is warranted.

*First*, neither Defendant is subject to personal jurisdiction in Texas on this claim. "Defendant CBS Broadcasting Inc. is a New York corporation with its principal place of business in New York," ECF No. 1 at ¶ 19, while "Defendant CBS Interactive Inc. is a Delaware corporation with its principal place of business in New York," *id.* ¶ 20. Accordingly, general jurisdiction does not lie. Specific jurisdiction also does not lie. Neither of the Defendants purposely directed its conduct at Texas specifically when producing, editing, and broadcasting the interview of Vice President Harris that aired on *60 Minutes* (or the excerpt on *Face the Nation*), nor is there any affiliation between Texas, the substance of the challenged interview, or the harm felt by Plaintiff, a Florida resident. If this district has personal jurisdiction on the facts alleged, so too does every district court in the country. That is not the law.

*Second*, the Northern District of Texas is not a proper venue under 28 U.S.C. § 1391(b). There can be no dispute that this case could have been brought in the Southern District of New York. *See* 28 U.S.C. § 1391(b)(3). And President Trump does not allege—nor could he—that a

1

substantial part of the events or omissions giving rise to his claim occurred in Texas. *See id.* § 1391(b)(2).

*Third*, even if the Court were to find that the exercise of jurisdiction is appropriate and that this district is a proper venue, the private interest and public interest factors overwhelmingly support transfer to the Southern District of New York under 28 U.S.C. § 1404(a). Among other relevant considerations, the evidence and witnesses are in New York, such that litigating there would be far more convenient for the parties, and New York has strong policy interests in regulating the conduct of its citizens and media.

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice or, in the alternative, transfer it to the Southern District of New York.

## **LOCAL RULE 7.1 CERTIFICATE OF CONFERENCE**

On December 5, 2024, Elizabeth McNamara, counsel for Defendant, conferred with Edward Paltzik, counsel for Plaintiff, regarding Defendant's motion in the alternative to transfer to the Southern District of New York. Mr. Paltzik stated that Plaintiff opposes the motion to transfer and believes that the Northern District of Texas is the appropriate venue.

Respectfully submitted,

/s/ *Thomas C. Riney*

**UNDERWOOD LAW FIRM, P.C.**

Thomas C. Riney
State Bar No. 16935100
C. Jason Fenton
State Bar No. 24087505
PO Box 9158 (79105-9158)
500 S. Taylor, Suite 1200
Amarillo, TX 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
tom.riney@uwlaw.com
jason.fenton@uwlaw.com

**JACKSON WALKER LLP**

Marc A. Fuller
State Bar No. 24032210
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mfuller@jw.com

**DAVIS WRIGHT TREMAINE LLP**

Elizabeth A. McNamara (admitted *pro hac vice*)
Jeremy A. Chase (admitted *pro hac vice*)
Alexandra Perloff-Giles (admitted *pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
elizabethmcnamara@dwt.com
jeremychase@dwt.com
alexandraperloffgiles@dwt.com

*Attorneys for CBS Broadcasting Inc. and CBS Interactive Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 6, 2024 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Thomas C. Riney*