**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CBS BROADCASTING INC. &<br>CBS INTERACTIVE INC.,<br><br>　　　　　　　Defendants. | Case No. 2:24-cv-00236-Z |

**DEFENDANTS CBS BROADCASTING INC. AND CBS INTERACTIVE INC.'S
MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT-MATTER
JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendants CBS Broadcasting Inc. and CBS Interactive Inc. (together, "CBS" or "Defendants"), by and through their undersigned attorneys, respectfully move pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure to dismiss Plaintiff's complaint (ECF No. 1) ("Complaint") in full or, in the alternative, to abate these proceedings, *see* Texas Bus. & Comm. Code § 17.505(a). In support of their motion, Defendants rely on and incorporate the accompanying memorandum of law, the Declaration of Bill Owens and exhibits thereto, and the Declaration of Gayle C. Sproul and exhibit thereto.

As more fully described in the memorandum of law, the Complaint should be dismissed for multiple, independent reasons.

*First*, this Court lacks subject-matter jurisdiction. Plaintiff's contention that "millions of Americans" were confused, *see* ECF No. 1 at ¶ 63(a), is precisely the kind of generalized grievance that does not confer Article III standing. Moreover, insofar as the claimed damages relate to allegedly lost fundraising, it is the Trump campaign—not Plaintiff personally—that suffered any such harm. And insofar as the claimed harm is to Plaintiff's electoral prospects, that claim is mooted by the election, which Plaintiff won.

*Second*, Plaintiff lacks statutory standing because he does not plausibly allege that he is a consumer within the meaning of the Texas Deceptive Trade Practices Act ("DTPA"). DTPA claims are subject to Rule 9(b), which requires pleading with particularity. Plaintiff does not allege that he purchased or leased any CBS services, nor any other factual support for his alleged consumer status.

*Third*, Defendants' editorial judgments are non-commercial speech that lies wholly outside the scope of the DTPA.

*Fourth*, Plaintiff has not plausibly alleged with the necessary particularity several required elements to state a claim under the DTPA, including (a) confusion as to source or affiliation; (b) detrimental reliance on any such confusion or even an allegation that he took any action as a result of CBS's challenged conduct; and (c) to the extent Plaintiff tries to state a claim for an unconscionable action, he has not plead that he lacks "knowledge, ability, experience, or capacity."

*Fifth*, Plaintiff's attempt to punish Defendants for their editorial judgments is barred by the First Amendment.

*Finally*, Plaintiff failed to comply with the DTPA's notice requirements. As a result, CBS is entitled to a 60-day abatement from the date that Plaintiff finally provides adequate notice.

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

/s/ *Thomas C. Riney*

**UNDERWOOD LAW FIRM, P.C.**

Thomas C. Riney
State Bar No. 16935100
C. Jason Fenton
State Bar No. 24087505
PO Box 9158 (79105-9158)
500 S. Taylor, Suite 1200
Amarillo, TX 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
tom.riney@uwlaw.com
jason.fenton@uwlaw.com

**JACKSON WALKER LLP**

Marc A. Fuller
State Bar No. 24032210
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mfuller@jw.com

**DAVIS WRIGHT TREMAINE LLP**

Elizabeth A. McNamara (admitted *pro hac vice*)
Jeremy A. Chase (admitted *pro hac vice*)
Alexandra Perloff-Giles (admitted *pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
elizabethmcnamara@dwt.com
jeremychase@dwt.com
alexandraperloffgiles@dwt.com

*Attorneys for CBS Broadcasting Inc. and CBS Interactive Inc.*

## CERTIFICATE OF SERVICE

    I hereby certify that on December 6, 2024 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Thomas C. Riney*
