IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

PRESIDENT DONALD J. TRUMP,

     Plaintiff

v.

CBS BROADCASTING INC. &
CBS INTERACTIVE INC.,

     Defendants.

Case No. 2:24-cv-00236-Z

Gayle C. Sproul, pursuant to 28 U.S.C. § 1746, declares and says the following under penalty of perjury:

1.     I make this declaration based on my personal knowledge and a review of relevant corporate records. I am over the age of 18 years and am fully competent to testify to the matters stated in this declaration.

2.     I am Senior Vice President, Legal Affairs for CBS News and Stations.

3.     CBS Broadcasting Inc. is a New York corporation with its principal place of business at 1515 Broadway, New York, NY 10036. CBS News, a division of CBS Broadcasting Inc., operates out of the CBS Broadcast Center, 524 W 57th St, New York, NY 10019.

4.     CBS Interactive Inc. is a Delaware corporation with its principal place of business at 1515 Broadway, New York, NY 10036.

5.     CBS Broadcasting Inc. is indirectly owned by Paramount Global, and CBS Interactive Inc. is directly owned by Paramount Global.

6.    CBS Broadcasting Inc. produces and broadcasts news, public affairs and entertainment programming. Its CBS News division produces news programming twenty-four/seven, as well as news and public affairs newsmagazine programs, such as *60 Minutes*.

7.    CBS Interactive Inc. operates Paramount Global's network of interactive and content services, including CBSNews.com and CBS News 24/7, which are available to Internet users across the country.

8.    Neither CBS Broadcasting Inc. nor CBS Interactive Inc. owns any property in the state of Texas.

9.    CBS Stations Group of Texas LLC, a Delaware limited liability company, owns television station KTVT and is the licensee for that station. It operates from Fort Worth, Texas.

10.    CBS Stations Group of Texas LLC has one member, CBS International Inc. CBS Broadcasting Inc. indirectly owns a minority stake in CBS International Inc.

11.    Television Station KTXA Inc. owns television station KTXA and is the licensee for that station. It operates from Fort Worth, Texas. CBS Broadcasting Inc. indirectly owns a minority stake in Television Station KTXA Inc.

12.    CBS News programming is also broadcast by local CBS Television Network-affiliated television stations in Texas. CBS Broadcasting Inc. does not own those affiliates nor does it have an agency relationship with them. The only stations located in Texas owned by entities within the Paramount Global corporate family are KTVT and KTXA.

13.    A true and accurate copy of my November 3, 2024 correspondence to Edward Andrew Paltzik, informing him of the abatement requirement under the Texas Deceptive Trade Practices Act, is annexed hereto as **Exhibit A**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of December 2024 in New York, New York.

By: _____
Gayle C. Sproul

# **Exhibit A**

# ⬤CBS NEWS

**GAYLE C. SPROUL**
**SENIOR VICE PRESIDENT**
**LEGAL AFFAIRS**

555 West 57th Street
New York, New York 10019

November 3, 2024

**By Email**

Edward Andrew Paltzik, Esquire
Bochner PLLC
1040 Avenue of the Americas, 15ᵗʰ Floor
New York, New York 10018
edward@bochner.law

**Re:  Demand Letter on Behalf of former President Donald J. Trump**

Dear Mr. Paltzik:

I write in response to your letter dated October 29, 2024, asserting for the first time a claim under the Texas Deceptive Trade Practices Act ("DTPA").  I note as well that your client, a Florida resident, filed a complaint in the U.S. District Court for the Northern District of Texas on October 31, 2024.  We urge your client to voluntarily dismiss the complaint for the reasons set out below and, should he refuse to do so, we reserve the right to seek sanctions and damages against him.

First, though the sole claim in the complaint asserts a violation of the DTPA, your client ignores the requirements of that statute.  To begin, the statute mandates a 60-day notice period prior to filing suit.  Had you provided such notice, we would have had the opportunity to explain the many reasons why your client's claim is devoid of merit.  Among those reasons:

- The DTPA is a consumer protection law that applies only to consumer transactions. *Amstadt v. United States Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996) ("the defendant's deceptive conduct must occur in connection with a consumer transaction"); *Tatum v. Dallas Morning News, Inc.*, 493 S.W.3d 646, 675 (Tex. App. 2015) (holding that failure to disclose allegedly material editorial information not cognizable under the DTPA when unrelated to a transaction), *overruled on other grounds,* 554 S.W.3d 614 (Tex. 2018).  But

your client's claim has nothing to do with a consumer transaction.  It is based solely on editorial judgments by 60 MINUTES.  Therefore, the DTPA has no application here.

- In addition to failing to comply with the 60-day notice period, your "notice" also omitted any "reasonable detail" regarding your client's purported damages as required.  Tex. Bus. & Com. Code § 17.505(a) ("As a prerequisite to filing a suit seeking damages . . . a consumer shall . . . advis[e] the person in reasonable detail of the consumer's specific complaint and the amount of economic damages").  Instead, in both your letter and in your complaint, you rely on conclusory and wholly speculative language regarding "several billions" of dollars in undifferentiated damages.

Second, the First Amendment precludes the imposition of liability here.  As we have previously advised, your client's unfounded criticism of 60 MINUTES' editorial judgments cannot give rise to a claim given the First Amendment's protection of the editorial process.  *See Miami Herald Publ'g Co. v. Tornillo*, 418 U.S. 241, 258 (1974) ("The choice of material to go into a newspaper . . . and treatment of public issues and public officials – whether fair or unfair – constitute the exercise of editorial control and judgment.").

This letter is not intended to be a full recitation of applicable law or fact, and if you determine you will pursue the litigation despite its many flaws, we will vigorously defend against it.  We reserve all rights, privileges and defenses, whether or not stated here, including failure to state a claim, lack of personal jurisdiction and improper venue.  We also expressly reserve (1) the right to seek attorneys' fees under the DTPA as your client's claim is "groundless" under that statute, (2) the right to seek sanctions under Rule 11 and (3) the right to seek recovery under any applicable anti-SLAPP statute, including the right to file a complaint for damages in New York pursuant to N.Y. Civ. Rights Law § 70-a.

Sincerely,

Gayle C. Sproul