IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DONALD J. TRUMP, *et al.*,

    Plaintiffs,

v.

CBS BROADCASTING, INC., *et al.*,

    Defendants.

2:24-CV-236-Z

## SCHEDULING ORDER

### SUMMARY OF IMPORTANT DEADLINES AND DATES

| | |
|---|---|
| Joinder of Parties (¶ 2) | Friday, March 14, 2025 |
| Amendment of Pleadings (¶ 3) | Friday, September 5, 2025 |
| Initial Designation of Experts by Parties Seeking Affirmative Relief (¶ 5(A)) | Friday, September 5, 2025 |
| Initial Designation of Experts by Parties Opposing Affirmative Relief (¶ 5(A)) | Friday, October 3, 2025 |
| Expert Disclosures by Parties Seeking Affirmative Relief (¶ 5(B)) | Friday, September 19, 2025 |
| Expert Disclosures by Parties Opposing Affirmative Relief (¶ 5(B)) | Friday, October 17, 2025 |
| Rebuttal Expert Designation (¶ 5(C)) | No later than Friday, October 31, 2025 |
| Expert Objections (¶ 5(D)) | Wednesday, November 19, 2025 |
| Mediation (¶ 9) | Saturday, December 20, 2025 |
| Completion of Discovery (¶ 6) | Saturday, December 20, 2025 |
| Dispositive Motions (¶ 4) | Wednesday, February 18, 2026 |
| Pretrial Disclosures (¶ 7) | Thursday, July 2, 2026 |
| Pretrial Objections (¶ 7) | Thursday, July 9, 2026 |
| Pretrial Materials (¶ 8) | Thursday, July 16, 2026 |
| Exchange of Exhibits (¶ 8(C)) | Thursday, July 23, 2026 |
| Pretrial Conference (¶ 10) | **September 2, 2026, at 10:00 a.m. (CDT)** |
| Trial Date (¶ 1) | **September 14, 2026, at 9:00 a.m. (CDT)** |

**SCHEDULING INSTRUCTIONS**

Pursuant to Federal Rule of Civil Procedure 16(b) and the local rules of this Court, the Court finds that the following schedule should govern the disposition of this case. Parties must observe all limitations and requirements of the Federal Rules of Civil Procedure and this Court's local rules unless otherwise ordered.

The Court assumes the parties thoroughly discussed scheduling issues prior to submitting their proposed scheduling order (ECF No. 44) and that the parties understand the deadlines imposed in this order are firmly in place, absent the few exceptions set forth below.

**1. Trial Date**

This case is set for trial on this Court's two-week civil trial docket beginning **Monday, September 14, 2026, at 9:00 a.m. (CDT)**. Counsel and parties must be ready for trial on three days' notice at any time during this two-week period, unless the Court orders otherwise. The trial date will not be postponed or continued except on written motion establishing exceptional circumstances and in compliance with Local Rule 40.1.

**2. Joinder of Parties**

By **Friday, March 14, 2025,** all motions requesting joinder of additional parties shall be filed. Except when parties are joined by amendment pursuant to paragraph three of this order, parties may be joined only upon motion to the Court.

**3. Amendment of Pleadings**

By **Friday, September 5, 2025,** amendments of pleadings shall be filed. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. Parties are permitted one amendment before leave of court is required. The amending party shall attach a redlined version of the amended complaint specifying any changes. The

deadline to file a response to an amended pleading is 21 days after the date the amended pleading is filed, notwithstanding expiration of the amended-pleading deadline.

**4. Dispositive Motions**

All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by **Wednesday, February 18, 2026**. Any dispositive motion must be accompanied by a separately filed brief, and the motion and the brief may not exceed 50 pages in total length, excluding any table of contents and table of authorities. *See* Local Rules 56.3, 56.5 (regarding summary judgment requirements).

In a separate section at the beginning of the brief, the parties filing a dispositive motion must identify the live pleadings for each party who has appeared in the action and specify the name of each pleading, the date it was filed, and the pleadings' document numbers on the Court's docket. Neither a dispositive motion nor the brief in support may be combined in one document with a party's answer. If a dispositive motion becomes moot for any reason, the moving parties must notify the Court within **three business days**.

**A. Dispositive Motion Evidence**

Any affidavits, depositions, written discovery materials, or other summary judgment evidence must be included in a separate appendix. The appendix must be numbered sequentially from the first page through the last and include an index of all documents included. An envelope that contains a nondocumentary or oversized exhibit must be numbered as if it were a single page. *See* Local Rule 56.6. The moving parties must bracket in the margin of each document in the appendix the portions of the document on which the movant relies, and, when citing record materials in its brief, the moving parties must support each assertion by citing each relevant page of its appendix.

### B. Number of Dispositive Motions

No party may file more than one motion for summary judgment without leave of court. *See* Local Rule 56.2(b). If a motion for summary judgment is timely filed, the Court may establish a summary-judgment briefing schedule by separate order. Except as provided in the Court's briefing order, no supplemental pleadings, briefs, summary-judgment evidence, or other documents will be allowed in connection with the motion for summary judgment or response without leave of court. *See* Local Rule 56.7. Cross-motions for summary judgment must not, except in extraordinary circumstances, be permitted to be filed after the dispositive-motion deadline.

### 5. Experts

**A. Initial Designation of Experts**: Unless otherwise stipulated or directed by court order, the parties seeking affirmative relief shall file a written designation of the name and address of each expert witness who will testify at trial for those parties on or before **September 5, 2025**. The parties opposing affirmative relief shall file a written designation of the name and address of each expert witness who will testify at trial for those parties on or before **October 3, 2025**.

**B. Expert Disclosures**: Unless otherwise stipulated or directed by court order, the parties seeking affirmative relief shall file written expert disclosures that comply with Rule 26(a)(2)(B) for each qualifying expert witness on or before **September 19, 2025**. The parties opposing affirmative relief shall file written expert disclosures that comply with Rule 26(a)(2)(B) for each qualifying expert witness on or before **October 17, 2025**.

**C. Rebuttal Experts**: If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), the disclosures required under Rule 26(a)(2) must be made within 30 days after the disclosure made by other parties or no later than **October 31, 2025**, whichever is earlier.

**D. Challenges to Experts**: Objections to the qualifications or competency of experts—sometimes referred to as *Daubert* motions—must be made in a written motion filed on or before **November 19, 2025**.

### 6. Completion of Discovery

By **Saturday, December 20, 2025,** all discovery must be completed. The parties may agree to extend this discovery deadline, provided that: (1) the extension does not affect the trial setting, dispositive-motions deadline, or pretrial-submission dates; (2) the parties submit a joint motion delineating the amendments; (3) and the Court finds good cause and approves. *See* FED. R. CIV. P. 16(b)(4) (requiring judge's consent and good cause for modification). A later discovery deadline will not be an excuse to delay the deadline to file dispositive motions. The Court expects the parties to work in good faith to resolve discovery disputes.

#### A. Motion to Compel Discovery or Protective Order

Any motion to compel discovery or for a protective order must be filed no later than **fifteen days** after the discovery response at issue was served or due to be served. Any other motions that are related to discovery but do not seek to compel or avoid uncompleted depositions, service of discovery responses, or production of documents or electronically stored information (ESI) must be filed no later than **fifteen days** after the discovery response at issue was served or due to be served.

#### B. Motion to Quash or Protective Order Relating to Deposition

Any motion to quash or for protective order relating to a deposition that is filed less than five business days before the scheduled or noticed date of the deposition will be summarily denied unless, on proper motion, the Court grants leave for the motion to be filed based on a showing of extraordinary or extenuating circumstances that prevented the requested relief from being presented to the Court at an earlier date.

### C. Attorney-Client Privilege and Work-Product Protection

Further, in accordance with Federal Rule of Evidence 502(d), any attorney-client privilege or work-product protection will not be waived by disclosure in connection with this case, and the production of privileged or work-product protected documents, ESI, or information—whether inadvertent or otherwise—is not a waiver of the privilege or work-product protection in this case or in any other federal or state proceeding. This order will be interpreted to provide the maximum protection allowed by Rule 502(d), but nothing contained in this order is intended to or will serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and segregation of privileged and protected information.

Under Rule 26(b)(5)(B), if information produced in discovery is subject to a claim of privilege or protection as trial-preparation material, the parties making the claim may notify any party that received information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### D. Filing Under Seal

The Court "heavily disfavor[s] sealing information placed in the judicial record" and discourages such requests. *June Med. Servs. L.L.C. v. Phillips*, 22 F.4th 512, 519–20 (5th Cir. 2022). The parties may agree between themselves to designate documents "confidential" during discovery. The typical standard there involves the parties asserting whether they want that material

in the public domain. But filing that material with the Court under seal is a different matter altogether. *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 419–20 (5th Cir. 2021).

A party or parties seeking to file a specific document under seal must: (1) move for leave; (2) brief the legal authorities indicating the risks of disclosure outweigh the public's right to know; and (3) explain that no viable alternative to sealing exists. *Ramachandran v. Jain*, No. 3:18-CV-00811-X, 2020 WL 5250542, at *3 (N.D. Tex. Sept. 3, 2020). All facts recited in any such motion must be verified by the oath or declaration of a person or persons with personal knowledge, which will assist the Court in making fact findings. *Id.* "Publicly available information cannot be sealed." *June Med. Servs.*, 22 F.4th at 520. If any party wishes to submit confidential information to the Court, the submission must be filed only in a motion to file under seal.

### 7. Pretrial Disclosures and Objections

Unless otherwise directed by order, the parties must make the disclosures required by Rule 26(a)(3)(A) by **Thursday, July 2, 2026**. Regarding deposition witnesses, the parties must identify the portions of the deposition transcript they intend to use. Identification should be done by highlighting the relevant testimony. Parties' highlights should be specific to the relevant testimony only.

Before **Thursday, July 9, 2026**, parties must serve and file a list disclosing any objections to the use of a deposition designated by other parties under Rule 26(a)(3)(A)(ii) and the admissibility of materials identified under Rule 26(a)(3)(A)(iii). The list must identify the nature of the objection. Each objection must identify the specific objectionable portion of the exhibit and explain in detail the basis of the objection. Other than exhibits on file with the Court, the objecting parties must attach the materials at issue to the objections. Objections not so disclosed, other than

objections under Rules 402 and 403 of the Federal Rules of Evidence, are waived unless the Court excuses the failure to disclose for good cause.

Counsel must confer about exhibits and deposition designations and make reasonable efforts to agree on admissibility prior to the pretrial order and pretrial conference, at which time the Court will rule on the admissibility of the exhibits.

### 8. Pretrial Materials

**A. Pretrial Order**: A joint pretrial order must be submitted by the Plaintiffs' attorney(s) by **Thursday, July 16, 2026**. The pretrial order must address each matter listed in Local Rule 16.4 and state the estimated length of trial. If an attorney for any party does not participate in the preparation of the joint pretrial order, the opposing attorney must submit a separate pretrial order with an explanation of why a joint order was not submitted (so that the Court can impose sanctions, if appropriate). Any party may present its version of any disputed matter in the joint pretrial order, meaning failure to agree upon content or language is not an excuse for submitting separate pretrial orders. When the joint pretrial order is approved by the Court, it will control all subsequent proceedings. The proposed pretrial order should be addressed to Kacsmaryk_Orders@txnd.uscourts.gov.

**B. Witness List**: Each party must file a list of witnesses who may be called by each party in its case in chief by **Thursday, July 16, 2026**. Each witness list must contain a brief narrative summary of the testimony to be elicited from each witness, state whether the witness has been deposed, and note whether the witness's testimony at trial is probable or possible. The witness list should also state whether the witness will offer testimony as an expert, record custodian, or fact witness. If any witness needs an interpreter, please note this on the witness list and arrange for an interpreter to be present at trial.

**C. Exhibit List and Deposition-Testimony Designations**: A list of exhibits, including demonstrative exhibits, and a designation of portions of depositions to be offered at trial must be filed by each party by **Thursday, July 23, 2026**. The list of exhibits must describe with specificity the documents or things in numbered sequence. The documents or things to be offered as exhibits must be numbered by attachment of labels to correspond with the sequence on the exhibit list and identify the party submitting the exhibit.

Each party's exhibit list must be accompanied by a written statement, signed by counsel for each party, and must state that, as to each exhibit shown on the list, either (i) the parties agree to the exhibit's admissibility; or (ii) the admissibility of the exhibit is disputed, **specifically** identifying the nature

and legal basis of any objection and the objected-to portions of the exhibit as well as the name of the objecting party or parties. All parties must cooperate in preparing such statements in a timely manner for filing with the exhibit lists. The Court may exclude any exhibit offered at trial if such a statement regarding the exhibit has not been timely filed. In addition, objections not adequately identified in the statement may be waived. A list of each party's exhibits to which no objection will be lodged (pre-admitted) must be submitted at the pretrial conference. The Court expects the parties to confer and agree to admit the majority of their exhibits prior to trial.

Counsel for all parties intending to offer exhibits must exchange a set of marked exhibits with opposing counsel **at least 14 days before trial** and must deliver a set of marked exhibits to the Amarillo Division's Clerk's Office, marked to the attention of Judge Kacsmaryk's chambers. Exhibits are to be placed in three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the submitting parties, and volume number, and the spine of each binder should be labeled with the appropriate exhibit numbers and/or range of exhibit numbers. The parties should make sure that the size of the exhibit binders is not overly cumbersome for the Court to utilize on the bench—the Court prefers each binder to contain no more than approximately 300 pages.

**D. Jury Charge**: The parties must file a joint proposed jury charge and verdict form, agreed to by all parties to the maximum extent possible, no later than **Thursday, July 16, 2026**. The parties must simultaneously email the agreed charge and verdict form in Word format to Kacsmaryk_Orders@txnd.uscourts.gov. Counsel for Plaintiffs is responsible for typing, collating, and otherwise preparing, filing, and serving the final document.

All proposed jury instructions and questions must include citation to any pertinent authorities and, if applicable, pattern instructions. The Court specifically advises the parties to rely, wherever possible, on United States Supreme Court and Fifth Circuit authority and pattern instructions or, if necessary, relevant state-law authority and pattern instructions.

The Court expects the parties to engage—in person, by telephone, or by video teleconference—in meaningful discussions to reach agreement on each portion of the proposed jury charge and verdict form. When a disagreement persists, those portions of the joint proposed jury charge that are proposed by any plaintiff, but objected to by any defendant, must be underlined. Those portions of the jury instructions or questions that are proposed by any defendant, but objected to by any plaintiff, must be in **boldface**. Competing versions of instructions or questions on the same topic must appear sequentially in the joint proposed jury charge and verdict form, with a plaintiffs' version listed first and a defendants' version listed second. To the extent that the joint proposed jury charge and verdict form includes any disputed portions, all parties must also file a brief in support of their

legal positions regarding the disputed portions of the joint proposed jury charge and verdict form. If supplemental jury instructions or questions become necessary due to the nature of the evidence presented at trial, any proposed supplemental instructions or questions must be filed with the Clerk of Court as soon as reasonably possible and simultaneously emailed in Word format to Kacsmaryk_Orders@txnd.uscourts.gov.

**E. Voir Dire**: Voir dire will be conducted initially by the Court, with each party being allotted **twenty (20) minutes** for supplementary voir dire. Parties must submit any requested voir dire questions to Kacsmaryk_Orders@txnd.uscourts.gov no later than **the pretrial conference**. Depending on need, the Court may provide a written questionnaire for the jury pool to answer. Additionally at voir dire, the parties will be provided a "Juror Chart" with the venire panel members plotted by venireperson, in order, with the name, occupation, age, and marital status of each venireperson printed on each space provided.

**F. Motions in Limine**: Motions in limine must be filed with the Court and served on the opposing parties by **Thursday, July 9, 2026**. Motions in limine must contain both discrete topics that are actually in dispute and supporting legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) for each topic. Motions in limine are subject to good-faith compliance with the conference requirements of Local Rule 7.1(a). This conference will help the parties to narrow issues and determine the topics that are actually in dispute.

Boilerplate requests that are not tailored to a case-specific matter will not be tolerated. Parties may not raise an issue in a motion in limine in an effort to obtain a substantive ruling that should have been requested in advance of trial by appropriate motion.

Responses must be filed with the Court and served on the opposing parties by **Thursday, July 16, 2026**. Responses must contain legal authority (*e.g.*, Fifth Circuit precedent, relevant statutes, relevant federal rules, etc.) that supports the respondent's position.

Replies to responses are due **Monday, July 20, 2026**.

If no topics are disputed after the Rule 7.1 conference, the parties must file a joint advisory with the Court by **Monday, July 13, 2026**. The joint advisory must confirm that the parties engaged in a Rule 7.1 conference in good faith, no disputed topics exist, and a motion in limine is unnecessary.

**G. Trial Briefs**: A short trial brief, not to exceed five (5) pages (excluding any table of contents and table of authorities), is **required** of each party and must be filed by **Friday, September 4, 2026**. The trial briefs should briefly explain and address issues the parties anticipate will arise at trial. In any trial, the

Court also welcomes short trial briefs filed by the parties during trial to address any unanticipated issues that arise.

**H. Trial Binders**: No later than by 5:00 p.m. on **Friday, September 4, 2026**, all parties must deliver to the Court, after allowing an inspection by the opposing parties, a three-ring, tabbed trial binder that contains: (1) a table of contents; (2) all attorney's contact information; (3) witness lists; (4) exhibit lists; (5) relevant pretrial motions and orders expected to be addressed during trial; (6) the Joint Proposed Jury Charge; (7) relevant bench briefs and caselaw; (8) the trial brief; (9) any motions in limine; and (10) any other relevant documents that will assist the Court and the parties during trial.

The exhibits that will be sent to the Amarillo Division Clerk's Office in a separate binder, as stated in subsection 8(C) of this order, should not be included in the trial binder.

The binders must be three-ring binders, the front of the binder is to be labeled with the style of case, case number, name of the submitting parties, and volume number, and the spine of each binder should be labeled as "Trial Binder—[Party Name]". The parties should make sure that the size of the trial binders is not overly cumbersome for the Court to utilize on the bench—the Court prefers each binder to contain no more than approximately 300 pages.

## 9. Mediation

The Court requires the parties to engage in mediation. Any mediation must be completed by **Saturday, December 20, 2025**. If the parties cannot agree on a mediator, the parties must file a joint notice to the Court explaining why they cannot agree and request that the Court appoint a mediator. The parties must notify the Court **at least fourteen (14) days prior** to the mediation deadline. The Court will then appoint a mediator, and the parties will bear the cost of mediation.

## 10. Pretrial Conference

A pretrial conference will be held at **10:00 a.m. (CDT)** on **Wednesday, September 2, 2026**, in person at the J. Marvin Jones Federal Building and Mary Lou Robinson United States Courthouse, 205 Southeast Fifth Street, Amarillo, Texas 79119. Here, the Court will discuss and finalize the time limits on the presentation of evidence to reduce the estimated trial length. Lead

counsel for all parties must attend. FED. R. CIV. P. 16(c)(1). Lead counsel must have the authority to enter into stipulations and admissions to facilitate the admission of evidence and reduce the time and expense of trial. *Id.* All undecided pretrial motions will be resolved at that time, and procedures for trial will be discussed. The Court will hear and decide objections on exhibits. At the pretrial conference, it should be possible to assign a specific date for trial during the three-week docket.

### 11. Modification of the Scheduling Order

This order controls the disposition of this case unless it is modified by the Court upon a showing of good cause and by leave of court. FED. R. CIV. P. 16(b)(4). Conclusory statements will not suffice to show good cause—even if the motion is agreed or unopposed.

### 12. Trial Procedures

Unless leave of court is obtained, the Court will limit the examination of each witness to direct examination, cross-examination, one redirect examination, and one recross-examination. The redirect and recross must be limited to the subject of the immediately preceding examination. The Court adheres to the scope of cross-examination as outlined in Federal Rule of Evidence 611(b). Local Rule 83.4 governs the conduct of counsel at trial.

Each party is responsible for keeping track of which exhibits are admitted during trial, for conferring with opposing counsel on a consolidated list, and for submitting the list as a table of contents to accompany the exhibits to the jury room and to file of record in the case. If the parties have electronic evidence they intend to admit as exhibits and send to the jury room, the parties must bring the necessary equipment to view it in the jury room.

### 13. Stays and Administrative Closure

Administrative closure of a civil case terminates all pending motions unless the parties request that any or all pending motions revive with reopening. Any motion for stay **must include**

**a request specific to each pending motion.** If requested, the Court will instruct the Clerk of the Court not to terminate each requested motion.

### 14. Trial Requirements—Daily Synopses, Pretrial Joint Exhibit List

To ensure a fair and efficient trial, the Court **ORDERS** that, **starting on Saturday, September 12, 2026,** and continuing through the duration of trial, parties must provide the Court with daily requirements according to the following instructions:

- The parties presenting evidence the following day must email the Court (Victoria_Shrewsbury@txnd.uscourts.gov), as well as all counsel, **by 7:30 p.m. (CDT)** identifying: (1) witnesses it intends to present; (2) exhibits it intends to cover; (3) demonstratives it intends to use the following day; and (4) a summary of the testimony it intends to elicit from each witness.

- The opposing side must email the Court, as well as all counsel, **by 9:30 p.m. (CDT) the same day** specifying what, if any, objections it has to those exhibits or demonstratives. Each objection must contain a concise written basis for the objection with a citation to the relevant authority. Explanations should be in plain English. A mere citation to a rule number is insufficient. The Court will rule on those objections at **8:30 a.m. (CDT)** the next morning, time permitting, or at sidebars throughout trial.

### 15. Compliance with this Order

Counsel and the parties are expected to comply fully with this order. Failure to comply will cause the Court to consider the entire range of sanctions available.

**SO ORDERED.**

February 20, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE