# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### AMARILLO DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, and REPRESENTATIVE RONNY JACKSON, an individual, <br><br>       Plaintiffs, <br><br>   v. <br><br> PARAMOUNT GLOBAL d/b/a PARAMOUNT, a Delaware corporation, CBS BROADCASTING INC., a New York corporation, and CBS INTERACTIVE INC., a Delaware corporation, <br><br>       Defendants. | Case No. 2:24-cv-00236-Z |

**APPENDIX TO DEFENDANTS' MOTION TO COMPEL AND BRIEF IN SUPPORT OF THE PRODUCTION OF DOCUMENTS BY PLAINTIFFS**

1

**Exhibit A**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

|  |  |
|---|---|
| PRESIDENT DONALD J. TRUMP and REPRESENTATIVE RONNY JACKSON,<br><br>Plaintiffs,<br><br>v.<br><br>PARAMOUNT GLOBAL d/b/a PARAMOUNT, CBS BROADCASTING INC., and CBS INTERACTIVE INC.,<br><br>Defendants. | Case No.: 24-cv-236 |

## PLAINTIFF PRESIDENT DONALD J. TRUMP'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff President Donald J. Trump ("President Trump" or "Plaintiff") by and through his undersigned counsel, hereby objects and responds to Defendants Paramount Global, d/b/a Paramount, CBS Broadcasting Inc., and CBS Interactive Inc.'s ("Defendants") First Set of Requests for Production (Nos. 1-81).

## GENERAL OBJECTIONS

Plaintiff objects to Defendants' definitions and/or instructions in their entirety to the extent they seek to impose any burden on Plaintiff beyond the federal or local rules. Plaintiff further objects to the definitions and/or instructions to the extent they purport to redefine any word or term contrary to its plain and ordinary meaning. Plaintiff will respond to Defendants' discovery Requests in accordance with the federal and local rules and the ordinary accepted meanings of the Requests. Inadvertent production of any documents or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to the document or

1

any other document, or its subject matter, of the information contained therein, or of Plaintiff's rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## <u>RESPONSES</u>

**DOCUMENT REQUEST NO. 1:** All Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 1:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation." Plaintiff further objects to this Request as vague and ambiguous. Specifically, ""[a]ll Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation" does not describe the information sought or has no clear definition. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control, or part of the public domain. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

4

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 2:** All Statement(s) that You have made about the Broadcasts.

**RESPONSE TO DOCUMENT REQUEST NO. 2:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Statement(s)…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 3:** All Statement(s) that You have made about the Harris Interview.

**RESPONSE TO DOCUMENT REQUEST NO. 3:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Statement(s)…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 4:** All Statement(s) that You have made about this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 4:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Statement(s)…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 5:** All Documents and Communications from, to, between, or among You and Susie Wiles, Chris LaCivita, Steven Cheung, Brian Jack, Eric Branstad, Jason Miller, Corey Lewandowski, or any other staff member of Donald J. Trump for President, Inc.,

Never Surrender, Inc., or the Republican National Committee, concerning or related to the Broadcasts or the Defendants from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications from, to, between, or among You and Susie Wiles, Chris LaCivita, Steven Cheung, Brian Jack, Eric Branstad, Jason Miller, Corey Lewandowski, or any other staff member of Donald J. Trump for President, Inc., Never Surrender, Inc., or the Republican National Committee, concerning or related to the Broadcasts or the Defendants from January 1, 2024 to the present." Plaintiff objects to the disclosure of commercially sensitive documents or proprietary information. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 6:** All Documents and Communications from, to, between, or among You and Representative Ronny Jackson concerning or related to the Broadcasts, the Harris Interview, or the Defendants from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 6:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications from, to, between, or among You and Representative Ronny Jackson concerning or related to the Broadcasts, the Harris Interview, or the Defendants from January 1, 2024 to the present." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by both Executive Privilege and Congressional Privilege. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

8

**DOCUMENT REQUEST NO. 7:** All Documents and Communications from, to, between, or among You and anyone else concerning or related to the Broadcasts, the Harris Interview, or this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 7:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications from, to, between, or among You and anyone else concerning or related to the Broadcasts, the Harris Interview, or this Litigation." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 8:** All Documents and Communications concerning any public Statement by You prior to Your commencement of this Litigation about Defendant(s), Bill Whitaker, 60 Minutes, or Face the Nation from January 1, 2024 to the present.

9

**RESPONSE TO DOCUMENT REQUEST NO. 8:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications concerning any public Statement by You prior to Your commencement of this Litigation about Defendant(s), Bill Whitaker, 60 Minutes, or Face the Nation from January 1, 2024 to the present." Plaintiff further objects to this Request as vague and ambiguous. Specifically, ""[a]ll Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation" does not describe the information sought or has no clear definition. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control, or part of the public domain. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 9:** All Documents and Communications, other than Communications solely between You and Your counsel, in which you discuss this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 9:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications, other than Communications solely between You and Your counsel, in which you discuss this Litigation." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 10:** All Documents You receive in connection with any Freedom of Information Request to any governmental agency regarding the Broadcasts.

**RESPONSE TO DOCUMENT REQUEST NO. 10:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

Documents You receive in connection with any Freedom of Information Request to any governmental agency regarding the Broadcasts."

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 11:** All Communications between You and anyone else concerning the complaint filed before the FCC by the Center for American Rights referenced in Paragraph 88 of the Amended Complaint and attached as Exhibit A to the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 11:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications, other than Communications solely between You and Your counsel, in which you discuss this Litigation." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 12:** All Documents and Communications regarding Your October 21, 2024 letter to Defendants referenced in Paragraph 100 of the Amended Complaint and attached as Exhibit B to the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 12:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications regarding Your October 21, 2024 letter to Defendants referenced in Paragraph 100 of the Amended Complaint and attached as Exhibit B to the Amended Complaint." Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control, or part of the public domain. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 13:** All Documents and Communications concerning Defendants' counsel's October 23, 2024 response to Your letter referenced in Paragraph 101 of the Amended Complaint and attached as Exhibit C to the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 13:** Plaintiff objects to this Request as vague and ambiguous. Specifically the phrase "[a]ll Documents and Communications concerning Defendants' counsel's October 23, 2024 response to Your letter referenced in Paragraph 101 of the Amended Complaint…" does not describe the information sought or has no clear definition. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

14

12

**DOCUMENT REQUEST NO. 14:** All Documents and Communications concerning Your October 29, 2024 letter to Defendants' counsel referenced in Paragraph 102 of the Amended Complaint and attached as Exhibit D to the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 14:** Plaintiff objects to this Request as vague and ambiguous. Specifically the phrase "[a]ll Documents and Communications concerning Your October 29, 2024 letter to Defendants' counsel referenced in Paragraph 102 of the Amended Complaint…" does not describe the information sought or has no clear definition. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 15:** All Documents and Communications establishing Your ownership interest in Trump Media & Technology Group Corp ("TMTG") as alleged in Paragraph

16 of the Amended Complaint on a monthly, weekly, and daily basis from August 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 15:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications establishing Your ownership interest in Trump Media & Technology Group Corp ("TMTG") as alleged in Paragraph 16 of the Amended Complaint on a monthly, weekly, and daily basis from August 1, 2024 to the present." Plaintiff also objects because this Request is irrelevant. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are available to the public and can be found through an internet search. Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 16:** All Documents and Communications concerning the transfer, gift, or assignment of any ownership shares in TMTG to the Donald J. Trump Revocable Trust or any other third party from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 16:** Plaintiff objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff also objects because this Request is irrelevant. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Specifically, this Request

14

seeks documents that are not relevant to this litigation. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 17:** All Documents and Communications concerning the establishment and governance of the Donald J. Trump Revocable Trust.

**RESPONSE TO DOCUMENT REQUEST NO. 17:** Plaintiff objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Specifically, this Request seeks documents that are not relevant to this litigation.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 18:** All Documents and Communications concerning Your ownership of the $TRUMP meme crypto coin.

**RESPONSE TO DOCUMENT REQUEST NO. 18:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications concerning Your ownership of the $TRUMP meme crypto coin." Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information.

17

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents upon receiving a sufficient Request for specific documents. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 19:** All Documents and Communications concerning the transfer, gift, or assignment of any ownership shares in $TRUMP crypto coin to the Donald J. Trump Revocable Trust or any other third party.

**RESPONSE TO DOCUMENT REQUEST NO. 19:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications concerning Your ownership of the $TRUMP meme crypto coin." Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 20:** Documents sufficient to identify all of Your "other media holdings" outside of TMTG as referenced in Paragraphs 149, 150, 153, and 154 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 20:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to identify all of Your "other media holdings" outside of TMTG...."

18

Plaintiff further objects to this Request as vague and ambiguous. Specifically, the Request for "[d]ocuments sufficient to identify all of Your "other media holdings" outside of TMTG...." does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents upon receiving a sufficient Request for specific documents. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 21:** All Documents and Communications concerning the transfer, gift, or assignment of any ownership shares in the "other media holdings" outside of TMTG as referenced in Paragraphs 149, 150, 153, and 154 of the Amended Complaint to the Donald J. Trump Revocable Trust or any other third party from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 21:** Plaintiff objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Specifically, this Request seeks documents that are not relevant to this litigation. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 22:** Documents sufficient to identify all holdings of the Donald J. Trump Revocable Trust on a monthly basis from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 22:** Plaintiff objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Specifically, this Request seeks documents that are not relevant to this litigation. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.


**DOCUMENT REQUEST NO. 23:** Documents sufficient to identify any other trust vehicles holding any of Your media holdings that you claim to have decreased in value as a result of the Broadcasts, as alleged in Paragraph 156 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 23:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to identify any other trust vehicles holding any of Your media holdings that you claim to have decreased in value as a result of the Broadcasts…" Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Specifically, this Request seeks documents that are not relevant to this litigation. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 24:** All Documents and Communications evidencing that You "purchased or otherwise acquired" Defendants' broadcast or digital content services "directly or indirectly" as alleged in Paragraphs 11 and 173 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 24:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing that You "purchased or otherwise acquired" Defendants' broadcast or digital content services "directly or indirectly" as alleged in Paragraphs 11 and 173 of the Amended Complaint." Plaintiff further objects to this Request as vague and ambiguous. Specifically the phrase "[a]ll Documents and Communications evidencing that You "purchased or otherwise acquired" Defendants' broadcast or digital content services "directly or indirectly"…" does not describe the information sought or has no clear definition. Plaintiff also objects because this Request asks for information beyond what Plaintiff is required to prove.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 25:** All Documents and Communications evidencing that You have purchased any goods or services from the Defendants, including but not limited to CBS All Access or Paramount+.

**RESPONSE TO DOCUMENT REQUEST NO. 25:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing that You have purchased any goods or services from the Defendants, including but not limited to CBS All Access or Paramount+." Plaintiff further objects to this Request as vague and ambiguous. Specifically the phrase "[a]ll Documents and Communications evidencing that You have purchased any goods or services from the Defendants…" does not describe the information sought or has no clear definition. Plaintiff also objects because this Request asks for information beyond what Plaintiff is required to prove.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 26:** All Documents and Communications evidencing that You viewed the Face the Nation Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 26:** Plaintiff objects because this Request asks for information beyond what Plaintiff is required to prove.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 27:** All Documents and Communications evidencing that You viewed the 60 Minutes Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 27:** Plaintiff objects because this Request asks for information beyond what Plaintiff is required to prove.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 28:** All Documents supporting Your allegations that Defendants "deceptively edited" or engaged in "deceptive editing" of the Broadcasts.

**RESPONSE TO DOCUMENT REQUEST NO. 28:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 29:** All Documents supporting Your allegations that Defendants "deceptively doctored" the Broadcasts as alleged in Paragraph 95 of the Amended Complaint.

23

**RESPONSE TO DOCUMENT REQUEST NO. 29:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 30:** All documents that support Your allegations that Defendants have a "modus operandi of advertising and disseminating false Election-related content for or commercial benefit and pecuniary gain" as alleged in Paragraph 4 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 30:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until

expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 31:** All Documents and Communications showing that You were induced to watch the 60 Minutes Broadcast as a result of viewing the Face The Nation Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 31:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 32:** All Documents and Communications showing that and in what way You "rel[ied] on Defendants' false and misleading advertisements and deceptively edited conduct" as alleged in Paragraph 174 of the Amended Complaint.

.**RESPONSE TO DOCUMENT REQUEST NO. 32:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants'

possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 33:** All Documents and Communications between You and anyone else demonstrating that they were "confused, deceived, and misled" by the Face The Nation Broadcast as alleged in Paragraph 11 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 33:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 34:** All Documents and Communication showing that anyone was induced to watch the 60 Minutes Broadcast as a result of viewing the Face The Nation Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 34:** Plaintiff objects to this Request as vague and ambiguous. Specifically, Requesting "[a]ll Documents and Communication showing that

26

anyone was induced to watch the 60 Minutes Broadcast as a result of viewing the Face The Nation Broadcast" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 35:** Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading 60 Minutes Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 35:** Plaintiff objects to this Request as vague and ambiguous. Specifically, Requesting "[d]ocuments and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading 60 Minutes Broadcast" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 36:** All Documents and Communications evidencing any support for Your statement that the "materially false version of the [Interview] was also intended to —and did in fact—also influence decisions of viewers, advertisers, and consumers of news media to watch, view, stream, download or otherwise engage with the Interview and the Election Special—

27

and to do so instead of watching, viewing, streaming, downloading, or otherwise engaging with competitor media content, including President Trump's media content" as alleged in Paragraph 140 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 36:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing any support for Your statement that the "materially false version of the [Interview] was also intended to —and did in fact—also influence decisions of viewers, advertisers, and consumers of news media to watch, view, stream, download or otherwise engage with the Interview and the Election Special—and to do so instead of watching, viewing, streaming, downloading, or otherwise engaging with competitor media content, including President Trump's media content"…" Plaintiff further objects to this Request as vague and ambiguous. Specifically, Requesting "[a]ll Documents and Communications evidencing any support for Your statement that the "materially false version of the [Interview] was also intended to —and did in fact—also influence decisions of viewers, advertisers, and consumers of news media to watch, view, stream, download or otherwise engage with the Interview and the Election Special—and to do so instead of watching, viewing, streaming, downloading, or otherwise engaging with competitor media content, including President Trump's media content"…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 37:** All Documents and Communications evidencing "persistent election inference from the legacy media, including Defendants, which frequently tried to tip the scales of the Election" as alleged in Paragraph 3 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 37:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing "persistent election inference from the legacy media, including Defendants, which frequently tried to tip the scales of the Election" as alleged in Paragraph 3 of the Amended Complaint."

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 38:** All Documents and Communications showing that as a result of the Face The Nation Broadcast "significant viewership was improperly diverted to Defendants' media platform, resulting in lower consumer engagement, advertising revenues, and profits by TMTG and President Trump's other media holdings" as alleged in Paragraph 149 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 38:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications showing that as a result of the Face The Nation Broadcast "significant viewership was improperly diverted to Defendants' media platform, resulting in lower consumer engagement, advertising revenues, and profits by TMTG and President Trump's other

media holdings"…" Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 39:** All Documents and Communications between You and TMTG Chief Executive Officer Devin Nunes, TMTG Chief Financial Officer Phillip Juhan, TMTG Chief Operating Officer Andrew Northwall, or any other officer of TMTG relating to the Face The Nation Broadcast, the 60 Minutes Broadcast, this Lawsuit, or any decline in consumer engagement, advertising revenues, and profits by TMTG and President Trump's other media holdings.

**RESPONSE TO DOCUMENT REQUEST NO. 39:** Plaintiff objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise,

is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

**DOCUMENT REQUEST NO. 40:** All Documents and Communications with Eric Swider, Donald J. Trump, Jr., Kashyap "Kash" Patel, W. Kyle Green, Robert Lighthizer, Linda McMahon, or any director of TMTG relating to the Face the Nation Broadcast, the 60 Minutes Broadcast, this Lawsuit, or any decline in consumer engagement, advertising revenues, and profits by TMTG and President Trump's other media holdings.

**RESPONSE TO DOCUMENT REQUEST NO. 40:** Plaintiff objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better

available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 41:** Documents sufficient to show how TMTG and President Trump's other media holdings measure and track consumer engagement.

**RESPONSE TO DOCUMENT REQUEST NO. 41:** Plaintiff objects to this Request as the documents sought are irrelevant and outside the scope of this litigation. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 42:** Documents sufficient to show the monthly, daily, and hourly consumer engagement with TMTG from August 1, 2024 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 42:** Plaintiff objects to this Request as the documents sought are irrelevant and outside the scope of this litigation. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents

are available to the public and can be found through an internet search. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 43:** Documents sufficient to show the monthly, daily, and hourly consumer engagement with each of President Trump's other media holdings from August 1, 2024 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 43:** Plaintiff objects to this Request as the documents sought are irrelevant and outside the scope of this litigation. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 44:** Documents sufficient to show the monthly, daily, and hourly advertising revenues for TMTG from August 1, 2024 through the present.

33

**RESPONSE TO DOCUMENT REQUEST NO. 44:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to show the monthly, daily, and hourly advertising revenues for TMTG from August 1, 2024 through the present." Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are available to the public and can be found through an internet search. Plaintiff further objects to this Request as the documents sought are irrelevant and outside the scope of this litigation. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 45:** Documents sufficient to show the monthly, daily, and hourly advertising revenues for each of President Trump's other media holdings from August 1, 2024 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 45:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to show the monthly, daily, and hourly advertising revenues for each of President Trump's other media holdings from August 1, 2024 through the present." Plaintiff further objects to this Request as the documents sought are irrelevant and outside the scope of this

34

litigation. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 46:** Documents sufficient to show the monthly profits for TMTG from August 1, 2024 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 46:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to show the monthly profits for TMTG from August 1, 2024 through the present." Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are available to the public and can be found through an internet search. Plaintiff further objects to this Request as the documents sought are irrelevant and outside the scope of this litigation. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 47:** Documents sufficient to show the monthly profits for each of President Trump's other media holdings from August 1, 2024 through the present.

**RESPONSE TO DOCUMENT REQUEST NO. 47:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to show the monthly profits for each of President Trump's other media holdings from August 1, 2024 through the present." Plaintiff further objects to this Request as the documents sought are irrelevant and outside the scope of this litigation. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 48:** All Documents and Communications created prior to your inauguration relating to the January 20, 2025 executive order titled "Restoring Freedom of Speech and Ending Federal Censorship."

**RESPONSE TO DOCUMENT REQUEST NO. 48:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

Documents and Communications created prior to your inauguration relating to the January 20, 2025 executive order titled 'Restoring Freedom of Speech and Ending Federal Censorship.'" Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Documents and Communications created prior to your inauguration relating to the January 20, 2025 executive order titled 'Restoring Freedom of Speech and Ending Federal Censorship'" does not describe the information sought or has no clear definition. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 49:** All Documents and Communications supporting Your claim for actual damages as articulated in Paragraph 150 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 49:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim for actual damages as articulated in Paragraph 150 of the Amended Complaint."

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 50:** All Documents and Communications demonstrating that the Broadcasts "decreased the value of President Trump's ownership of TMTG and other media holdings" and resulted in a loss of advertising revenue as alleged in Paragraph 156 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 50:** Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same. Plaintiff further objects to the disclosure of commercially sensitive documents or proprietary information.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 51:** All Documents and Communications evidencing all actions taken by You to "counteract the deception caused by Defendants' false advertising" as alleged in Paragraph 157 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 51:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it

38

seeks "[a]ll Documents and Communications evidencing all actions taken by You to "counteract the deception caused by Defendants' false advertising"…"

 Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 52:** All Documents and Communications demonstrating that the Broadcasts "improperly harmed President Trump's competitive position in the digital market" as alleged in Paragraph 158 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 52:** Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

 Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 53:** All Documents and Communications demonstrating that You "create[] and produce[] online media content about news, politics, pop culture, and public affairs" as alleged in Paragraph 23 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 53:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing all actions taken by You to "counteract the deception caused by Defendants' false advertising"…" Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 54:** All Documents and Communications supporting Your claim for treble damages as set forth in Paragraph 162 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 54:** Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

**DOCUMENT REQUEST NO. 55:** All Documents and Communications supporting Your claim for actual damages of "no less than $10,000,000,000" as alleged in Paragraph 164 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 55:** Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

**DOCUMENT REQUEST NO. 56:** All Documents and Communications supporting Your claim for actual damages of "at least $10,000,000,000" as alleged in Paragraph 199 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 56:** Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

**DOCUMENT REQUEST NO. 57:** Your tax returns for the last three years or other documents evidencing Your annual income for the last three years.

**RESPONSE TO DOCUMENT REQUEST NO. 57:** Plaintiff objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

41

**DOCUMENT REQUEST NO. 58:** All Documents and Communications supporting Your contention that Defendants' "distortion of the 60 Minutes Interview Damaged President Trump's fundraising and support values by several billions of dollars" as alleged in Paragraph 199 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 58:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your contention that Defendants' "distortion of the 60 Minutes Interview Damaged President Trump's fundraising and support values by several billions of dollars"…" Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 59:** All Documents and Communications showing how the Face The Nation Broadcast, and the 60 Minutes Broadcast "required diversion" of Your "attention and resources while campaigning" as alleged in Paragraph 46 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 59:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll

Documents and Communications showing how the Face The Nation Broadcast, and the 60 Minutes Broadcast "required diversion" of Your "attention and resources while campaigning" …" Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 60:** All Documents and Communications between You and any donor, campaign organization, Political Action Committee, Donald J. Trump for President, Inc., Never Surrender, Inc., the Republican National Committee, or any other individual or group evidencing or concerning any decrease in donations suffered as a result of Defendants' alleged conduct.

**RESPONSE TO DOCUMENT REQUEST NO. 60:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications between You and any donor, campaign organization, Political Action Committee, Donald J. Trump for President, Inc., Never Surrender, Inc., the Republican National Committee, or any other individual or group evidencing or concerning any decrease in donations suffered as a result of Defendants' alleged conduct." Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better

available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 61:** Documents sufficient to show the monthly, weekly, and daily contributions nationwide for each of Donald J. Trump for President, Inc., Never Surrender, Inc., the Republican National Committee, or any other organization raising money in support of Your 2024 Presidential Campaign from August 1, 2024 through Election Day.

**RESPONSE TO DOCUMENT REQUEST NO. 61:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to show the monthly, weekly, and daily contributions nationwide for each of Donald J. Trump for President, Inc., Never Surrender, Inc., the Republican National Committee, or any other organization raising money in support of Your 2024 Presidential Campaign from August 1, 2024 through Election Day." Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 62:** Documents sufficient to show the monthly, weekly, and daily contributions from Persons residing in Texas for each of Donald J. Trump for President, Inc., Never Surrender, Inc., the Republican National Committee, or any other organization raising money in support of Your 2024 Presidential Campaign from August 1, 2024 through Election Day.

**RESPONSE TO DOCUMENT REQUEST NO. 62:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[d]ocuments sufficient to show the monthly, weekly, and daily contributions from Persons residing in Texas for each of Donald J. Trump for President, Inc., Never Surrender, Inc., the Republican National Committee, or any other organization raising money in support of Your 2024 Presidential Campaign from August 1, 2024 through Election Day."  Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 63:**  Documents sufficient to show Plaintiff President Donald J. Trump's physical whereabouts on October 6, 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 63:** Plaintiff objects to the disclosure of the info sought by this Request as the disclosure of the same would breach the preservation of national security. Plaintiff further objects as the information sought is not relevant to nor within the scope of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 64:** Documents sufficient to show Plaintiff President Donald J. Trump's physical whereabouts on October 7, 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 64:** Plaintiff objects to the disclosure of the info sought by this Request as the disclosure of the same would breach the preservation of national security. Plaintiff further objects as the information sought is not relevant to nor within the scope of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

46

**DOCUMENT REQUEST NO. 65:** All documents evidencing polling data concerning the effect of the Broadcasts on both the Texas and U.S. electorate.

**RESPONSE TO DOCUMENT REQUEST NO. 65:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, the information sought is available to the public and can be found through an internet search. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 66:** Documents sufficient to evidence to show Your net worth on a monthly, weekly, and daily basis from August 1, 2024 to October 7, 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 66:** Plaintiff objects to this Request as the time period for information sought is irrelevant to this litigation. Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 67:** Documents sufficient to evidence Your net worth on a monthly, daily, and weekly basis from October 7, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 67:** Plaintiff objects to this Request as the time period for information sought is irrelevant to this litigation. Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 68:** All Documents and Communications supporting Your Statement that "The Dems got [Defendant] to do this" posted on Truth Social and referenced in Paragraph 79 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 68:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your Statement that "The Dems got

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 70:** All Documents and Communications supporting Your statement that "With me, 60 Minutes does the exact opposite! They take everything I say, realize how totally BRILLIANT it is, and take it out. So with Kamala they add, with "TRUMP," they delete" as referenced in Paragraph 16 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 70:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your statement that "With me, 60 Minutes does the exact opposite! They take everything I say, realize how totally BRILLIANT it is, and take it out. So with Kamala they add, with "TRUMP," they delete"…" Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 71:** All Documents and Communications evidencing that the 60 Minutes Broadcast was "calculated to give Defendants an unfair advantage over their media content competitors, including President Trump."

**RESPONSE TO DOCUMENT REQUEST NO. 71:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 72:** All Documents and Communications evidencing that the 60 Minutes Broadcast was "calculated to give Defendants an unfair advantage over their media content competitors, including President Trump."

**RESPONSE TO DOCUMENT REQUEST NO. 72:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and

responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 73:** All Documents and Communications in which You claim that Defendants' companies are "in competition with" You, as alleged in Paragraph 149 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 73:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications in which You claim that Defendants' companies are "in competition with" You…" Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 74:** All Documents and Communications concerning Your decision not to participate in an interview on CBS Broadcasting Inc.'s program 60 Minutes during the 2024 presidential campaign.

51

**DOCUMENT REQUEST NO. 76:** All Documents that You receive in response to any subpoena You serve in this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 76:** Plaintiff has not yet served any subpoenas in this action. In the event Plaintiff serves a subpoena related to this litigation, Plaintiff reserves all objections.

**DOCUMENT REQUEST NO. 77:** All Documents evidencing sources of funding for this Litigation, including any litigation finance companies or non-profit organization.

**RESPONSE TO DOCUMENT REQUEST NO. 77:** Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff also objects because this Request is irrelevant.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 78:** All Statements, affidavits, or declarations that you may rely on in this Litigation.

52

**<u>Exhibit B</u>**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP and REPRESENTATIVE RONNY JACKSON, <br><br> Plaintiffs, <br><br> v. <br><br> PARAMOUNT GLOBAL d/b/a PARAMOUNT, CBS BROADCASTING INC., and CBS INTERACTIVE INC., <br><br> Defendants. | Case No.: 24-cv-236 |

**PLAINTIFF REPRESENTATIVE RONNY JACKSON'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Representative Ronny Jackson ("Jackson" or "Plaintiff") by and through his undersigned counsel, hereby objects and responds to Defendants Paramount Global, d/b/a Paramount, CBS Broadcasting Inc., and CBS Interactive Inc.'s ("CBS") First Set of Requests for Production (Nos. 1-49).

**GENERAL OBJECTIONS**

Plaintiff objects to Defendants' definitions and/or instructions in their entirety to the extent they seek to impose any burden on Plaintiff beyond the federal or local rules. Plaintiff further objects to the definitions and/or instructions to the extent they purport to redefine any word or term contrary to its plain and ordinary meaning. Plaintiff will respond to Defendants' discovery Requests in accordance with the federal and local rules and the ordinary accepted meanings of the Requests. Inadvertent production of any documents or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver

1

54

of any privilege or of another ground for objecting to discovery with respect to the document or any other document, or its subject matter, of the information contained therein, or of Plaintiff's rights to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

## **RESPONSES**

**DOCUMENT REQUEST NO. 1:** All Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 1:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation." Plaintiff further objects to this Request as vague and ambiguous. Specifically, ""[a]ll Documents relating to the Amended Complaint and/or that You intend to rely on in connection with this Litigation" does not describe the information sought or has no clear definition. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control, or part of the public domain. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from

discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff further objects to the disclosure as the documents sought are protected by Congressional Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 2:** All Statement(s) that You have made about the Broadcasts.

**RESPONSE TO DOCUMENT REQUEST NO. 2:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Statement(s)…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 3:** All Statement(s) that You have made about the Harris Interview.

**RESPONSE TO DOCUMENT REQUEST NO. 3:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants'

possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Statement(s)…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 4:** All Statement(s) that You have made about this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 4:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff further objects to this Request as vague and ambiguous. Specifically, "[a]ll Statement(s)…" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 5:** All Documents and Communications from, to, between, or among You and President Donald J. Trump and/or his agents, attorneys, representatives, or other

57

persons or entities acting for, on behalf of, or in concert with President Donald J. Trump concerning or related to the Broadcasts, the Harris Interview, or the Defendants from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 5:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications from, to, between, or among You and President Donald J. Trump and/or his agents, attorneys, representatives, or other persons or entities acting for, on behalf of, or in concert with President Donald J. Trump concerning or related to the Broadcasts, the Harris Interview, or the Defendants from January 1, 2024 to the present." Plaintiff objects to the disclosure of commercially sensitive documents or proprietary information. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Congressional Privilege. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 6:** All Documents and Communications from, to, between, or among You and Susie Wiles, Chris LaCivita, Steven Cheung, Brian Jack, Eric Branstad, Jason Miller, Corey Lewandowski, or any other staff member of Donald J. Trump for President, Inc., Never Surrender, Inc., or the Republican National Committee, concerning or related to the Broadcasts or the Defendants from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 6:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications from, to, between, or among You and Susie Wiles, Chris LaCivita, Steven Cheung, Brian Jack, Eric Branstad, Jason Miller, Corey Lewandowski, or any other staff member of Donald J. Trump for President, Inc., Never Surrender, Inc., or the Republican National Committee, concerning or related to the Broadcasts or the Defendants from January 1, 2024 to the present." Plaintiff objects to the disclosure of commercially sensitive documents or proprietary information. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Congressional Privilege. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 7:** All Documents and Communications from, to, between, or among You and anyone else concerning or related to the Broadcasts, the Harris Interview, or this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 7:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications from, to, between, or among You and anyone else concerning or related to the Broadcasts, the Harris Interview, or this Litigation." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 9:** All Documents and Communications, other than Communications solely between You and Your counsel, in which you discuss this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 9:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications, other than Communications solely between You and Your counsel, in which you discuss this Litigation.**"** Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. For similar reasons, Plaintiff objects to the disclosure as the documents sought are protected by Congressional Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 10:** All Documents You receive in connection with any Freedom of Information Request to any governmental agency regarding the Broadcasts.

9

**RESPONSE TO DOCUMENT REQUEST NO. 10:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents You receive in connection with any Freedom of Information Request to any governmental agency regarding the Broadcasts."

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 11:** All Communications between You and anyone else concerning the complaint filed before the FCC by the Center for American Rights referenced in Paragraph 88 of the Amended Complaint and attached as Exhibit A to the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 11:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Communications between You and anyone else concerning the complaint filed before the FCC by the Center for American Rights referenced in Paragraph 88 of the Amended Complaint and attached as Exhibit A to the Amended Complaint." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection

from discovery in this case or in any other federal or state proceeding. Plaintiff further objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 12:** All Documents and Communications showing Your ownership interest in any company affiliated with Donald J. Trump, including, but not limited to Trump Media & Technology Group Corp ("TMTG") from January 1, 2024 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:** Plaintiff objects to this Request as it is irrelevant to the litigation. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, these documents are public can be found through an internet search. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff further objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information. Plaintiff also objects because the time period prior to October 6, 2024 is not relevant to any conduct by Plaintiff.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 15:** All Documents supporting Your allegations that Defendants "deceptively doctored" the Broadcasts as alleged in alleged in Paragraph 95 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 15:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 16:** All Documents that support Your allegations that Defendants have a "modus operandi of advertising and disseminating false Election-related content for or commercial benefit and pecuniary gain" as alleged in Paragraph 4 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 16:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable

through a less burdensome source, namely, responses to this Request can be found on the internet. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 17:** All Documents and Communications evidencing that You "purchased or otherwise acquired" Defendants' broadcast or digital content services as alleged in Paragraphs 11 and 175 of the Amended Complaint

**RESPONSE TO DOCUMENT REQUEST NO. 17:** Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 25:** All Documents and Communications between You and anyone else demonstrating that they were "confused, deceived, and misled" by the Face The Nation Broadcast as alleged in Paragraph 11 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 25:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications between You and anyone else demonstrating that they were "'confused, deceived, and misled' by the Face The Nation Broadcast as alleged in Paragraph 11 of the Amended Complaint." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff further objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff objects as the documents sought are obtainable through a less burdensome source, namely, these documents are in Defendants' possession, custody, or control. Plaintiff further objects as the documents sought are obtainable through a less burdensome source, namely, responses to this Request can be found on the internet.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and

responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 26:** All Documents and Communication showing that anyone was induced to watch the 60 Minutes Broadcast as a result of viewing the Face The Nation Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 26:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communication showing that anyone was induced to watch the 60 Minutes Broadcast as a result of viewing the Face The Nation Broadcast." Plaintiff objects to this Request as vague and ambiguous. Specifically, the Request for "[a]ll Documents and Communication showing that anyone was induced to watch the 60 Minutes Broadcast as a result of viewing the Face The Nation Broadcast" does not describe the information sought or has no clear definition.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 27:** All Documents and Communications showing that You viewed the Face the Nation Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 27:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications showing that You viewed the Face the Nation Broadcast." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected

from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 28:** All Documents and Communications showing that You viewed the 60 Minutes Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 28:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications showing that You viewed the 60 Minutes Broadcast." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state

proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 29:** All Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading 60 Minutes Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 29:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading 60 Minutes Broadcast." Plaintiff objects to this Request as vague and ambiguous. Specifically, the Request for "[a]ll Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading 60 Minutes Broadcast" does not describe the information sought or has no clear definition. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in

any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 30:** All Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading Face The Nation Broadcast.

**RESPONSE TO DOCUMENT REQUEST NO. 30:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading Face The Nation Broadcast." Plaintiff objects to this Request as vague and ambiguous. Specifically, the Request for "[a]ll Documents and Communications evidencing any actions You took or that You refrained from taking as a result of the allegedly misleading Face The Nation Broadcast." does not describe the information sought or has no clear definition. Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from

70

23

discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 31:** All Documents and Communications sufficient to show Your daily, monthly, and hourly engagement with any of President Trump's media brands, including but not limited to, Truth Social.

**RESPONSE TO DOCUMENT REQUEST NO. 31:** Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and

responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 32:** All Documents and Communications supporting Your claim that You were "injured" as a "consumer of President Trump's media brands" as alleged in Paragraph 46 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 32:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim that You were 'injured' as a 'consumer of President Trump's media brands' as alleged in Paragraph 46 of the Amended Complaint." Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 33:** All Documents and Communications supporting Your claim that You were "injured" as a consumer "of CBS's broadcasts, online postings and advertisements" as a result of the allegedly misleading 60 Minutes Broadcast as alleged in Paragraph 46 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 33:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim that You were 'injured' as a consumer 'of CBS's broadcasts, online postings and advertisements' as a result of the allegedly misleading 60 Minutes Broadcast as alleged in Paragraph 46 of the Amended Complaint." Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 34:** All Documents and Communications supporting Your claim that You were "subjected to the [60 Minutes Broadcast] and Interview within Texas" as alleged in Paragraph 46 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 34:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim that You were 'subjected to the [60 Minutes Broadcast] and Interview within Texas' as alleged in Paragraph 46 of the Amended Complaint." Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not

intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 35:** All Documents and Communications supporting Your claim that you purchased Defendants' services for "multiple important objectives, including the ability to view CBS News programs such as *60 Minutes* and *Face the Nation*" as alleged in Paragraph 176 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 35:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim that you purchased Defendants' services for 'multiple important objectives, including the ability to view CBS News programs such as *60 Minutes* and *Face the Nation*' as alleged in Paragraph 176 of the Amended Complaint."

Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any

privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 36:** All Documents and Communications supporting Your claim that You "rel[ied] on Defendants' false and misleading advertisements and deceptively edited content" as alleged in Paragraph 176 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 36:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim that You 'rel[ied] on Defendants' false and misleading advertisements and deceptively edited content' as alleged in Paragraph 176 of the Amended Complaint." Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from

discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 37:** All Documents and Communications supporting Your claim that You "sustained substantial damages."

**RESPONSE TO DOCUMENT REQUEST NO. 37:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications supporting Your claim that You "sustained substantial damages." Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 38:** All Documents and Communications evidencing that you sustained any damages as a result of Defendants' alleged conduct.

**RESPONSE TO DOCUMENT REQUEST NO. 38:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing that you sustained any damages as a result of Defendants' alleged conduct." Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce

relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.


**DOCUMENT REQUEST NO. 39:** All Documents and Communications evidencing "persistent election inference from the legacy media, including Defendants, which frequently tried to tip the scales of the Election" as alleged in Paragraph 3 of the Amended Complaint.

**RESPONSE TO DOCUMENT REQUEST NO. 39:** Plaintiff further objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing "persistent election inference from the legacy media, including Defendants, which frequently tried to tip the scales of the Election" as alleged in Paragraph 3 of the Amended Complaint." Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 40:** Your tax returns for the last three years or Documents sufficient to show Your income for the last three years.

**RESPONSE TO DOCUMENT REQUEST NO. 40:** Plaintiff objects to the disclosure of commercially sensitive documents, proprietary information, or confidential financial information.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 41:** Documents sufficient to show your physical whereabouts on October 6, 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 41:** Plaintiff objects to the disclosure of the info sought by this Request as the disclosure of the same would breach the preservation of national security. Plaintiff further objects as the information sought is not relevant to nor within the scope of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 42:** Documents sufficient to show your physical whereabouts on October 7, 2024.

**RESPONSE TO DOCUMENT REQUEST NO. 42:** Plaintiff objects to the disclosure of the info sought by this Request as the disclosure of the same would breach the preservation of national security. Plaintiff further objects as the information sought is not relevant to nor within the scope of the litigation.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 43:** All Documents that You receive in response to any subpoena You serve in this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 43:** Plaintiff has not yet served any subpoenas in this action. In the event Plaintiff serves a subpoena related to this litigation, Plaintiff reserves all objections.

**DOCUMENT REQUEST NO. 44:** All Documents evidencing sources of funding for this Litigation, including any litigation finance companies or non-profit organizations.

**RESPONSE TO DOCUMENT REQUEST NO. 44:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents evidencing sources of funding for this Litigation, including any litigation finance companies or non-profit organizations." Plaintiff further objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff further objects

80

to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff also objects because this Request is irrelevant.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 45:** All Statements, affidavits, or declarations that you may rely upon in this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 45:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Statements, affidavits, or declarations that you may rely on in this Litigation." Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after discovery has progressed beyond the current, initial stage. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 46:** All expert testimony or reports that you may rely on in this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 46:** Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or

protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure as the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 47:** All Communications with any expert whom you retain in connection with this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 47:** Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to this

Request as untimely. Specifically, the information sought by this Request would be better available after expert discovery

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

**DOCUMENT REQUEST NO. 48:** All Documents that you may use to support your claims or defenses in this Litigation.

**RESPONSE TO DOCUMENT REQUEST NO. 48:** Plaintiff objects to this Request as overly broad, unduly burdensome, and not proportional to the needs of the case because it seeks "[a]ll Documents that you may use to support your claims or defenses in this Litigation." Plaintiff objects to this Request as untimely. Specifically, the information sought by this Request will be better available after expert discovery. Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same.

Subject to and without waiving the foregoing objections, Plaintiff will conduct a reasonable search and, to the extent such documents exist in Plaintiff's possession, produce relevant and responsive documents in due course and on a rolling basis. Documents will only be produced to the extent responsive, proper, relevant, and non-privileged.

**DOCUMENT REQUEST NO. 49:** All Documents and Communications evidencing any benefit or consideration that You have been promised by anyone for joining this Lawsuit, including but not limited to, monetary compensation, campaign donations, or future political support by President Donald J. Trump.

**RESPONSE TO DOCUMENT REQUEST NO. 49:** Plaintiff objects to this Request as overly broad, unduly burdensome, irrelevant, and not proportional to the needs of the case because it seeks "[a]ll Documents and Communications evidencing any benefit or consideration that You have been promised by anyone for joining this Lawsuit, including but not limited to, monetary compensation, campaign donations, or future political support by President Donald J. Trump." Plaintiff objects to this Request to the extent it seeks the disclosure of information protected from discovery, including based on the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or protection. Plaintiff does not intend to produce or disclose any privileged or protected information. The production of privileged or work product protected documents, electronically stored information, whether inadvertent or otherwise, is not a waiver of Plaintiff's privilege or protection from discovery in this case or in any other federal or state proceeding. Plaintiff objects to the disclosure to the extent that the documents sought are protected by Executive Privilege. Plaintiff objects to this Request as its only purpose is to harass, annoy, or cause undue burden on Plaintiff. Plaintiff further objects to this Request as the information sought is not relevant to the litigation and seeks confidential financial information.

Subject to and without waiving the foregoing objections, Plaintiff will not be producing documents responsive to this Request.

Dated: March 21, 2025

EDWARD ANDREW PALTZIK
Texas Bar No. 24140402
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law

*Edward Paltzik*

37

**Exhibit C**

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

|  |  |
|---|---|
| **PRESIDENT DONALD J. TRUMP,** an individual, and **REPRESENTATIVE RONNY JACKSON**, an individual<br><br>  **Plaintiffs,**<br><br> **v.**<br><br> **PARAMOUNT GLOBAL d/b/a PARAMOUNT**, a Delaware corporation, **CBS BROADCASTING INC.**, a New York corporation, and **CBS INTERACTIVE, INC.**, a Delaware corporation,<br><br>  **Defendants.** | **Case 2:24-CV-00236-Z** |

## PLAINTIFFS' 26(a) INITIAL DISCLOSURE STATEMENT

Plaintiffs, President Donald J. Trump ("President Trump") and Representative Ronny Jackson ("Representative Jackson") (collectively "Plaintiffs"), by and through their undersigned attorneys, hereby submit their Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure. Plaintiffs reserve the right to supplement these disclosures.

By making these disclosures Plaintiffs do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Nor do Plaintiffs waive their right to object, because of any privilege, the work product doctrine, relevance, undue burden, or any other valid objection, to production of any document or tangible thing disclosed. Rather, Plaintiffs' disclosures represent a good faith effort to identify information they reasonably believe is discoverable and which may be used to support their claims or defenses as is required under

86

or control of Plaintiffs, and may be used by Plaintiffs to support their defenses in the above-captioned action:

1.  Documents concerning the harm, disinformation, distortion, deception, misinformation, and unfair competition experienced by Plaintiffs because of the Interview.

2.  Documents, videos, and recordings demonstrating Defendants' partisan animus against President Trump.

3.  Documents concerning Defendants' refusal to provide President Trump with assurances of fairness in connection with any interview of him for the Election Special.

4.  Documents concerning the harm sustained by President Trump and his media holdings because of Defendants' deceptive conduct and unfair competition.

### III.     COMPUTATION OF CATEGORIES OF DAMAGES

1.  Damages to Plaintiffs for confusion caused by the Interview and Election Special, to be determined upon trial of this action.

2.  Damages to Plaintiffs by reason of being deceived by the Interview and Election Special, to be determined upon trial of this action.

3.  Damages to President Trump and his media holdings by reason of Defendants' unfair competition in the form of false advertising and consumer fraud, to be determined upon trial of this action.

4.  Punitive and/or treble damages, to be determined upon trial of this action.

### IV.     RELEVANT INSURANCE POLICIES

Plaintiffs are not aware of any relevant insurance policies within the meaning of Federal Rule of Civil Procedure 26(a)(1)(A)(iv).

87

Dated: March 17, 2025
New York, NY

EDWARD ANDREW PALTZIK
Texas Bar No. 24140402
Bochner PLLC
1040 Avenue of the Americas
15th Floor
New York, NY 10018
(516) 526-0341
edward@bochner.law

_____/s/ Edward Andrew Paltzik_____
Edward Andrew Paltzik


DANIEL Z. EPSTEIN
Texas Bar No. 24110713
1455 Pennsylvania Avenue NW
Suite 400
Washington, DC 20004
(202) 240-2398
dan@epsteinco.co

_____/s/ Daniel Z. Epstein_____
Daniel Z. Epstein


CHRIS D. PARKER
Texas Bar No. 15479100
Farris Parker & Hubbard
A Professional Corporation
P. O. Box 9620
Amarillo, TX 79105-9620
(806) 374-5317 (T)
(806) 372-2107 (F)
cparker@pf-lawfirm.com

_____/s/ Chris D. Parker_____
Chris D. Parker


*Counsel to Plaintiffs President Donald J. Trump
and Representative Ronny Jackson*

88

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on March 17, 2025 I electronically served the foregoing document to the following attorneys of record:

   Elizabeth McNamara
   Jeremy A. Chase
   Alexandra Perloff-Giles
   Davis Wright Tremaine LLP
   1251 Avenue of the Americas, 21st Floor
   New York, NY 10020-1104
   elizabethmcnamara@dwt.com
   jeremychase@dwt.com
   alexandraperloffgiles@dwt.com

   Thomas C. Riney
   C. Jason Fenton
   Underwood Law Firm, P.C.
   P. O. Box 9158
   Amarillo, TX 79101
   tom.riney@uwlaw.com
   jason.fenton@uwlaw.com

   Marc A. Fuller
   Jackson Walker LLP
   2323 Ross Ave., Suite 600
   Dallas, TX 75201
   mfuller@jw.com

          */s/ Chris D. Parker*
          Chris D. Parker

89

**Exhibit D**

**Davis Wright
Tremaine** LLP

21st Floor
1251 Avenue of the Americas
New York, NY 10020-1104

**Elizabeth A. McNamara**
(212) 603-6437 tel
(212) 379-5237 fax

lizmcnamara@dwt.com

**CONFIDENTIAL**

March 27, 2025

Edward Paltzik
Bochner PLLC
1040 Avenue of Americas, 15th Floor
New York, NY 10018

> Re: President Trump, et al. v. CBS Broadcasting, et al

Dear Ed,

Thank you for the productive meet and confer regarding the various responses and objections served by each party. I am writing to memorialize our conversation to facilitate future discussions regarding open discovery issues.

## I.  DEFENDANTS' OBJECTIONS/RESPONSES TO PLAINTIFF'S REQUESTS

### A.  Custodians and Discovery

At the outset of our call, we made clear that the Defendants are compiling a list of custodians that are relevant to the *60 Minutes* Election Special, the *Face the Nation* broadcast at issue, or the Interview (collectively, the "Broadcasts"). We will produce any non-privileged, responsive documents within the relevant time period that are within our possession, custody, or control, concerning the Broadcasts from those custodians. Since this list will include the people that actually worked on the Broadcasts, we expect that these documents will be the relevant documents for the action.

On the call, we expressed concern about some of the vastly overbroad definitions and requests contained in Plaintiff's Document Requests. For example, certain requests seek communications with all Paramount "shareholders," or its Board of Directors, or "officers" of Defendants, or even any "communications about the Interview between Paramount and CBS Interactive." These requests are so overbroad to be meaningless. There are, for example, thousands of Paramount shareholders (that change on a daily basis), thousands of employees and hundreds of "officers" in the companies. Further, the Defendants do not have custody or control over many of any such documents, including non-employee shareholders, board members, or the personal emails of Shari Redstone or Tyler Korff.

4902-9942-1487v.1 0012079-000402

Edward Paltzik
Bochner PLLC
March 27, 2025
Page 2

These requests are also duplicative.  Since we are producing all relevant, non-privileged documents from custodians that were involved in the Broadcasts, you will receive any communications that, e.g., Bill Owens had with a shareholder, or a member of the Board of Directors, or Ms. Redstone or Mr. Korff, or the Trump or Harris campaigns to the extent they exist.  And we directed your attention to the list of Paramount executives that will be involved in our search of documents as well (George Cheeks, Chris McCarthy, and Brian Robbins).

We trust this resolves any concern about the custodians and the breadth of Defendants' search for responsive documents. You noted that this was a reasonable position, but that any final decisions would need to be approved by your client, and that you reserved the right to seek third-party subpoenas concerning documents not in Defendants' custody or control.

**B.  Time Period**

We also discussed the appropriate time -period for each party's discovery obligations.  Our position is that we will produce documents from September 22, 2024, through October 31, 2024.  We arrived at the October 31, 2024 cutoff because that is the day the Complaint was filed, and the degree of relevance for any communications that post-date the Broadcasts, and most certainly of the filing of your Complaint, is extremely limited if at all relevant.  Further, many (if not all) of the documents post-filing of the Complaint will be privileged. It makes sense that the parties agree to a production period that is reciprocal and applies to both parties.  Since your client has raised Executive Privilege as an objection – and we take issue with that objection (see below) – October 31, 2024 as a cut-off date makes sense for your clients as well, since it is pre-election and pre-inauguration and should not involve any documents subject to Executive Privilege.

You were potentially amenable to discussing a cut-off date for post-Broadcast communications but suggested that there could be some limited post-October 31st non-privileged communications among CBS employees that are relevant to the claims.  Any such documents – such as President Trump's social media posts – would be captured since both parties have an ongoing obligation to update their productions with documents they will either rely on or that they know are called for and relevant.  As noted in our joint scheduling order, any discovery conducted in this action will need to be reciprocal.  We will continue to discuss an appropriate time period for potential searches and productions.

**C.  Other Interviews**

We also discussed several of your Requests that called for documents concerning potentially interviewing President Trump for the *60 Minutes* Election Special or "any other CBS News Program."  We agreed to produce relevant, non-privileged documents related to potentially interviewing President Trump for *60 Minutes* and *Face the Nation*.  Interview requests or requests for comments (which is a form of interview request) related to "any other CBS News Program" – another overly broad and undefined category – are privileged unpublished

Edward Paltzik
Bochner PLLC
March 27, 2025
Page 3

newsgathering materials.  Since they have no relevance to the claims at issue, we will not produce any such documents.

You noted that you believe that the manner in which interview requests are handled by other CBS News Programs are relevant to the claims in the action.  We are at a loss to understand why.  As you know, both the Lanham Act and DTPA claims turn on public statements made by the Defendants in or surrounding the Broadcasts.  Intent to deceive or bias are not necessary or even relevant issues to either claim and, if they somehow were relevant issues, they would only be relevant to the specific Broadcasts at issue, not whether someone involved in an entirely distinct CBS News Program having nothing to do with the Broadcasts showed a bias.

We stand on our objection to this demand.  If you have any case law or other basis to press for such entirely irrelevant documents, we are happy to review it.

### D.  **Other Objections**

We have identified other objections in Defendants' responses to Plaintiff's Document demands.  If you have any concern with those objections, please let us know as soon as possible.  Otherwise, we will assume that you recognize and accept those objections.

## II.  **PLAINTIFFS' OBJECTIONS/RESPONSES TO DEFENDANTS' REQUESTS**

We raised a few concerns regarding Plaintiffs' objections and made clear that we are still studying them and may have additional issues about which we will want to meet and confer. And you made clear that your responses and objections were done before you had a chance to actually review the documents within the possession, custody, and control of your clients or understand the breadth of any materials.  Nevertheless, there were a few issues that we discussed.

### A.  **Executive Privilege**

Plaintiffs have asserted an Executive Privilege objection to a number of document requests.  As we discussed, it is our position that Executive Privilege does not apply to President Trump's communications relevant to this action as he is suing in his personal capacity, for alleged private injuries, about conduct occurring prior to his assuming office.  At the very least, this objection does not apply to President Trump's communications from before he resumed office on January 20, 2025.

You noted that you would like to do more research concerning the application of Executive Privilege, particularly whether it would apply during the period after President Trump was re-elected (on November 4, 2024) and before he resumed office.  It is our understanding that the Privilege would not apply to documents in that time period.

Edward Paltzik
Bochner PLLC
March 27, 2025
Page 4

In any event, as noted above, any concern with Executive Privilege could be resolved (or dramatically reduced) if we agree to a time period for production that ends on October 31, 2024, unless the parties are aware of relevant documents outside that time period. If your clients are not amenable to that time period cutoff, then please let us know as soon as possible whether your clients will be invoking Executive Privilege to withhold relevant documents.

We did agree that your clients would produce a privilege log identifying any documents withheld on privilege grounds, including Executive Privilege. Defendants will also produce a privilege log identifying any withheld documents.

### B. Damages Documents

We discussed your repeated objections in response to our Requests for documents related to damages that "Plaintiff will not provide a response unless or until expert discovery is over and reserves the right to supplement its response in accordance with the same." Our reading of this objection is that you will not produce any documents supporting Plaintiffs' claimed $20 billion in damages until after expert discovery is complete. This is plainly not a defensible position.

You indicated that you would produce documents related to damages before expert discovery, should they exist, but you had not had the chance to look into specific communications. We wanted to reiterate that we expect that you will produce any documents to support Plaintiffs' theory of damages well in advance of expert discovery, and prior to the start of fact depositions. If this is wrong, please let us know as soon as possible.

### C. Other Media Holdings

We raised an issue concerning President Trump's apparent refusal to identify (or produce documents concerning) his "other media holdings" as identified in the Amended Complaint. The responses similarly object and refuse to produce documents related to TMTG, including the Donald J. Trump Revocable Trust (which we understand holds President Trump's shares in TMTG), or the $Trump Coin. As your Amended Complaint references potential damages related to President Trump's "other media holdings," including TMTG and $Trump Coin, we expect relevant documents to be produced.

You did not dispute that any such documents would be relevant. Instead, you reiterated that you had not had a chance to review documents yet and that your responses to our requests were part of an "evolutionary process." We want to make clear that President Trump must either produce documents pertaining to TMTG and the "other media holdings" (including the Trust's portfolio) or affirm in writing that he is not seeking damages related to these holdings.

### D. Plaintiffs Locations

We also discussed our document requests concerning the whereabouts of President Trump and Representative Jackson on October 6 and October 7. You expressed potential

94

Edward Paltzik
Bochner PLLC
March 27, 2025
Page 5

concerns about national security, suggesting that President Trump could have been visiting, for instance, a military base. We reiterate that this time period predates President Trump's return to office, and reassert our position that the information is highly relevant and, at the least, involves identifying whether President Trump and Representative Jackson were in Texas when the Broadcasts aired and when they watched them. You indicated that you had no objection to providing that information.

### E. **Documents Available on the Internet**

Finally, we raised the issue that Plaintiffs' Responses often object to the production of documents that are mutually available on the internet or otherwise publicly available. We agreed that any documents in the control of the parties – or documents that the parties intend to rely on in the action – will be produced whether those documents are available on the internet or otherwise publicly available.

We believe that this initial meet and confer was productive and look forward to receiving any further comments that you have. We will follow up concerning any other issues we identify concerning Plaintiffs' objections to Defendants' Requests. In the interim, we reserve all rights concerning these issues.

Sincerely,

Elizabeth A. McNamara

4902-9942-1487v.1 0012079-000402

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 7, 2025 a true and correct copy of the foregoing was served via CM/ECF on all counsel of record.

*/s/ Thomas C. Riney*