IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DONALD J. TRUMP, *et al.*,

    Plaintiffs,

v.

CBS BROADCASTING INC., *et al.*,

    Defendants.

2:24-CV-236-Z

**ORDER**

Before the Court is the parties' Consent Motion for an Extension of Time to Respond to Defendants' Motions to Dismiss and Motion to Compel ("Motion") (ECF No. 59), filed April 17, 2025. The parties seek to extend Plaintiffs' deadline to oppose Defendants' motions to dismiss to May 28, 2025. ECF No. 59 at 1. They further seek to extend Defendants' deadline to reply to Plaintiffs' opposition to June 23, 2025. *Id.*

Additionally, the parties seek to extend Plaintiffs' deadline to oppose Defendants' motion to compel document production to June 16, 2025. *Id.* at 2. And they desire Plaintiffs' deadline to file their own motion to compel to be extended to June 30, 2025. *Id.* They desire Defendants' deadline to respond to any motion to compel from Plaintiffs to be moved to July 23, 2025. *Id.*

The Court **GRANTS** the Motion. Plaintiffs must file a response to Defendants' motions to dismiss **on or before May 28, 2025**. Defendants must file a reply to Defendants' opposition **on or before June 23, 2025**. Plaintiffs must file a response to Defendants' motion to compel **on or before June 16, 2025**. And Plaintiffs must file any motion to compel **on or before June 30, 2025**. If Plaintiffs file such a motion, Defendants must respond **on or before July 23, 2025**.

Federal Rule of Civil Procedure 6(b) permits a court to extend a deadline found in a district's local rules "for good cause." FED. R. CIV. P. 6(a), (b)(1); *Kitchen v. BASF*, 952 F.3d 247,

254 (5th Cir. 2020) ("The Federal Rules allow district courts, for good cause, to extend time with or without motion if the court acts before the original time . . . ."); *see also U.S. Bank Tr. Nat'l Ass'n as Tr. of Tiki Series IV Tr. v. Walden*, 124 F.4th 314, 320–21 (5th Cir. 2024) ("District courts have broad discretion in managing their dockets and deadlines. Before the original deadline expires, a court *may* extend time for a party to act if there is good cause." (emphasis in original) (internal citation omitted)).

The Northern District of Texas's Local Civil Rules stipulate the dates by which motion briefs must be filed. LOCAL CIV. R. 7.1(e). Before the Scheduling Order, this Court granted five deadline extensions. *See* ECF Nos. 14, 28, 30, 33, 35. And after the Scheduling Order, this Court granted one. *See* ECF No. 56. Today, the Court grants another. If the parties wish any further deadline extensions relating to the pending Motions to Dismiss, they must demonstrate good cause. *See S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) ("The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))).

**SO ORDERED**.

April 22, 2025

_____
MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE