**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| PRESIDENT DONALD J. TRUMP, an individual, and REPRESENTATIVE RONNY JACKSON, an individual,<br><br>                *Plaintiffs*,<br><br>   v.<br><br>PARAMOUNT GLOBAL, d/b/a PARAMOUNT, a Delaware corporation, CBS BROADCASTING INC., a New York corporation, and CBS INTERACTIVE INC., a Delaware corporation,<br><br>                *Defendants*. | Case No. 2:24-cv-00236-Z |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE OR, IN THE ALTERNATIVE, TO TRANSFER**

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ............................................................................................................................... 2

    I.     Plaintiffs Fail To Establish Personal Jurisdiction ..................................................... 2

    II.    Plaintiffs Fail To Establish Venue Is Proper In This District ................................. 5

    III.   At A Minimum, This Case Should Be Transferred To New York ......................... 7

    IV.   Defendants' Two Motions Are Proper..................................................................... 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*A-7 Austin, LLC v. Bridgestone Hosepower, LLC*,
   2024 WL 3851596 (N.D. Tex. Aug. 15, 2024) ...................................................................... 4

*Albers v. Board of County Commissioners of Jefferson County*,
   771 F.3d 697 (10th Cir. 2014) ............................................................................................... 10

*Alexander v. City Police of Lafayette*,
   2021 WL 4396016 (W.D. La. Sept. 24, 2021) ........................................................................ 9

*Beasley v. Krafcisin*,
   2014 WL 4651996 (N.D. Tex. Sept. 17, 2014), *aff'd*, 609 F. App'x 215 (5th Cir. 2015) ......... 6

*Bigham v. Envirocare of Utah, Inc.*,
   123 F. Supp. 2d 1046 (S.D. Tex. 2000) .................................................................................. 6

*Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*,
   582 U.S. 255 (2017) ................................................................................................................ 2

*Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*,
   1 F.4th 346 (5th Cir. 2021) ..................................................................................................... 4

*Burnett & Sons, Inc. v. Hall Cattle Feeders, LLC*,
   2024 WL 3823537 (N.D. Tex. Apr. 30, 2024) ..................................................................... 10

*Children's Health Defense v. WP Company, LLC*,
   2023 WL 3940446 (N.D. Tex. May 12, 2023) .................................................................. 8, 9

*Clemens v. McNamee*,
   615 F.3d 374 (5th Cir. 2010) .................................................................................................. 5

*Doe v. Columbia-Brazoria Ind. Sch. Dist.*,
   855 F.3d. 681 (5th Cir. 2017) ............................................................................................ 9, 10

*Ethridge v. Samsung SDI Co., Ltd.*,
   137 F.4th 309 (5th Cir. 2025) ................................................................................................. 5

*Francesca's Collections, Inc. v. Medina*,
   2011 WL 3925062 (S.D. Tex. Sept. 7, 2011) ......................................................................... 7

*Herman v. Cataphora, Inc.*,
   730 F.3d 460 (5th Cir. 2013) .................................................................................................. 5

*Immanuel v. Cable News Network, Inc.*,
   2022 WL 1748252 (E.D. Tex. May 31, 2022) ........................................................................3

*Johnson v. TheHuffingtonPost.com, Inc.*,
   21 F.4th 314 (5th Cir. 2021) ...........................................................................1, 2, 3, 5

*Lalla v. G&H Towing Co.*,
   2019 WL 11626516 (W.D. Tex. July 26, 2019) ......................................................................6

*Leyse v. Bank of Am. Nat. Ass'n*,
   804 F.3d 316 (3d Cir. 2015) ......................................................................................10

*Mist-On Systems, Inc. v. Nouveau Body & Tan, L.L.C.*,
   2004 WL 7335080 (N.D. Tex. June 15, 2004) .......................................................................7

*Monkton Ins. Servs., Ltd. v. Ritter*,
   768 F.3d 429 (5th Cir. 2014) .......................................................................................5

*Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*,
   512 F.3d 137 (5th Cir. 2007) .......................................................................................9

*Nunes v. NBCUniversal Media, LLC*,
   582 F. Supp. 3d 387 (E.D. Tex. 2022) ............................................................................3, 8

*Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*,
   2024 WL 1218573 (N.D. Tex. Mar. 21, 2024) ........................................................................4

*Revell v. Lidov*,
   317 F.3d 467 (5th Cir. 2002) .......................................................................................5

*Riddley v. CooperSurgical, Inc.*,
   2024 WL 4557340 (N.D. Tex. Oct. 23, 2024) ......................................................................6, 7

*SGS-Thomson Micro-Electronics, Inc. v. Ferris*,
   55 F.3d 632 (5th Cir. 1995) ........................................................................................4

*Sutton Place 1 Townhouse v. AmGuard Ins. Co.*,
   668 F. Supp. 3d 684 (W.D. Tex. 2023) ............................................................................10

*Trump v. Simon & Schuster Inc.*,
   2023 WL 5000572 (N.D. Fla. Aug. 4, 2023) ..........................................................................8

*Turentine v. FC Lebanon II LLC*,
   2022 WL 16951647 (N.D. Tex. Nov. 15, 2022) ........................................................................6

*Umphress v. Hall*,
   479 F. Supp. 3d 344 (N.D. Tex. 2020) ..............................................................................6

*Ware v. United Rentals (N. Am), Inc.*,
    2010 WL 1374583 (E.D. Tex. Mar. 30, 2010) ..........................................................................6

**Statutes**

28 U.S.C. § 1391............................................................................................................................5, 6

28 U.S.C. § 1406...............................................................................................................................8

**Rules**

Federal Rules of Civil Procedure
    Rule 12 ................................................................................................................................7, 9, 10

Local Rule 7.2(c) ...............................................................................................................................9

Plaintiffs' opposition confirms that this case—about an interview filmed in Washington, D.C. and broadcast from New York City—does not belong in federal court in Texas. Plaintiffs do not dispute that the filming, editing, and production work for the challenged Interview[1] took place nearly two thousand miles from this courthouse. They do not dispute that the Interview never referenced this state. And they do not dispute that the people most knowledgeable about the Interview all worked in New York or Washington D.C. President Trump and Representative Jackson do not even allege that they watched the FTN or 60 Minutes Broadcasts from Texas when they aired. In short, there is no basis for jurisdiction or venue in this Court.

Central to a finding of specific jurisdiction is the conclusion that each of the Defendants "purposefully directed" its activities at Texas or "target[ed] Texas specifically and knowingly." *Johnson v TheHuffingtonPost.com, Inc.,* 21 F.4th 314, 318 (5th Cir. 2021). Yet Plaintiffs provide no support for a conclusion that the Broadcasts were targeted specifically at Texas. Instead, Plaintiffs' jurisdictional argument boils down to a generalized allegation that the Interview was broadcast throughout the United States, including in Texas. That allegation falls far short of establishing that Defendants purposefully availed themselves of Texas or targeted the Broadcasts here more than elsewhere, and indeed is the factual predicate held insufficient in *Johnson* to establish jurisdiction.

But this Court need not even reach the personal jurisdiction issues, as there is no plausible basis for venue in this District. Far from showing, as they must, that a "substantial part of the events" giving rise to the claims took place in this judicial district, Plaintiffs' opposition confirms that they have nothing to offer the Court as to fact or law. Again, they point to the broadcast of the Interview in this District, but do not even attempt to distinguish settled law in

---

[1] All capitalized terms are defined in Defendants' opening briefs. *See* ECF Nos. 50 & 52.

this Circuit and elsewhere finding nationwide distribution insufficient to support a finding of proper venue. To hold otherwise, as cases recognize, would mean that nationwide broadcasts or publications would subject the publisher to venue in every district in the United States. That is not the law. Given this, Plaintiffs resort to irrelevant distractions. Defendants do not dispute, for example, that more than one venue may be proper.[2] Texas, though, has no real connection to this action, which should be dismissed or transferred to the Southern District of New York.

## ARGUMENT

### I.  Plaintiffs Fail To Establish Personal Jurisdiction

Plaintiffs concede that they bear the burden of establishing a *prima facie* case of personal jurisdiction, *see* ECF No. 61 at 9—but they fall far short of doing so. Personal jurisdiction "must be met as to each defendant over whom a state court exercises jurisdiction." *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 582 U.S. 255, 268 (2017). Plaintiffs fail entirely to distinguish between the Defendants or explain how each individually is subject to personal jurisdiction. And, while Plaintiffs concede that general jurisdiction does not lie and that they must satisfy all three requirements for specific jurisdiction, they fail to satisfy even one.

As to the requirement that Defendants purposefully directed their conduct at the forum state, Plaintiffs make no effort to show, as they must, that Defendants aimed their suit-related conduct "at Texans *any more than at residents of other states*." *Johnson*, 21 F.4th at 318 (emphasis added). Plaintiffs try to distinguish *Johnson* by pointing to their vague and conclusory allegations that "Defendants purposefully directed the broadcasts and online postings of the

---

[2] For instance, in addition to the Southern District of New York, where the Interview was edited, the key witnesses worked, and all Defendants have their principal place of business, Washington D.C., where the Interview was filmed and where both Plaintiffs work, might also be a proper venue.

Preview and Interview into Texas for viewing by Texans" and "maintain a network of directly and indirectly owned broadcast stations," as well as websites, "to ensure that every citizen of Texas had access to the interview, including Representative Jackson." ECF No. 61 at 11 (quoting ECF No. 36 ¶ 46). But Plaintiffs ignore that *Johnson* addressed far more significant facts supporting Texas jurisdiction—including selling subscriptions and merchandise to Texas residents and targeting advertisements from Texas advertisers to them, *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th at 316-17—and the court *still* found no personal jurisdiction. And Plaintiffs conspicuously disregard *Nunes v. NBCUniversal Media, LLC*, 582 F. Supp. 3d 387 (E.D. Tex. 2022), or *Immanuel v. Cable News Network, Inc.*, 2022 WL 1748252 (E.D. Tex. May 31, 2022), which are directly on point. Like the plaintiffs in *Nunes* and *Immanuel*, Plaintiffs fail to show that the challenged broadcasts, which aired nationwide, were "directed at Texas viewers as distinguished from viewers in other states." *Nunes*, 582 F. Supp. 3d at 400, 402 (citation omitted); *accord Immanuel*, 2022 WL 1748252, at *5.

Grasping at straws, Plaintiffs cite a 2021 report stating that CBS has "recently entered into multi-year affiliation agreements," including with Amarillo station KFDA. ECF No. 61 at 11. But the cited article actually bolsters Defendants' position in two ways. First, it reports that the agreement with Gray Television covered affiliates in "some 47 local TV markets *across the U.S.*," confirming that CBS is engaged in the nationwide distribution of its content. *Id.* (emphasis added). Second, it confirms that *none of the Defendants* owns KFDA (which is an "affiliate[] owned by Gray Television"). *Id.* Clearly, KFDA's independent ownership provides no evidence that Defendants are targeting Texans or residents of this District more than anyone else.

Plaintiffs next argue that, if the "mailing of a single letter" can support personal jurisdiction, transmission of a broadcast to "millions of viewers and subscribers" must too. ECF

3

No. 61 at 11-12. But, unlike a nationwide broadcast, a letter to a Texas recipient obviously targets Texans more than residents of another state. In *Open Cheer & Dance Championship Series, LLC v. Varsity Spirit, LLC*, the defendant entered into agreements with event producers in Texas to group boycott the plaintiff, then sent a letter to a producer warning of noncompliance with the agreement. 2024 WL 1218573, at *3 (N.D. Tex. Mar. 21, 2024). The defendant's "precise activities within the State of Texas" thus "formed 'the basis of Plaintiffs' claims.'" *Id.* at *4. Likewise, in *SGS-Thomson Micro-Electronics, Inc. v. Ferris*, the defendant sent a letter to the Texas plaintiff asserting copyright infringement, and the plaintiff responded by filing a declaratory judgment action. 55 F.3d 632, 1995 WL 313932, at *1 (5th Cir. 1995). Only because "the lawsuit, rather foreseeably, arose out of" the letter on "the merits of the copyright question" was the purposeful availment requirement satisfied. *Id.* at *3 n.5 (citation omitted). In short, in those cases, unlike here, the claims arose directly out of conduct aimed at Texans more than residents of other states.

Plaintiffs fare no better on the second requirement for specific jurisdiction—that the case "arise[] out of or result[] from the defendant's forum-related contacts." *Bulkley & Assocs., L.L.C. v. Dep't of Indus. Rels.*, 1 F.4th 346, 351 (5th Cir. 2021); *see* ECF No. 61 at 12. Plaintiffs rely on this Court's decision in *A-7 Austin, LLC v. Bridgestone Hosepower, LLC*, a trade secret misappropriation case in which a Texas-based employee of the defendant "sent an email from Texas" requesting confidential information and "received confidential information in Texas," "which would benefit [defendant's] Texas location." 2024 WL 3851596, at *5 (N.D. Tex. Aug. 15, 2024) (Kacsmaryk, J.). It is hardly surprising that the Court found personal jurisdiction in *A-7 Austin*, given that "[t]he alleged tort was conducted in [Texas]." *Id.* Here, by contrast, the alleged wrongdoing is CBS' editing of the Interview for *Face the Nation* and *60 Minutes*—

4

editing that was *not* "conducted" in Texas. Plaintiffs' reliance on the uncontested fact that CBS has agreements with Texas affiliate stations is similarly unavailing. If this were a breach of contract case relating to one of those agreements, jurisdiction may be proper in this District. But this case has nothing to do with those agreements—again, particularly given that neither Plaintiff alleges having watched the Broadcasts on a Texas affiliate.

As to the third prong, it is not fair or reasonable to hale Defendants into court in Texas. Texas was neither the focal point of the story, *see Clemens v. McNamee*, 615 F.3d 374, 380 (5th Cir. 2010); *Revell v. Lidov*, 317 F.3d 467, 473 (5th Cir. 2002); *Herman v. Cataphora, Inc.*, 730 F.3d 460, 465 (5th Cir. 2013), nor where the Interview was filmed or edited, nor even where Plaintiffs are alleged to have watched the Interview. Unlike in *Ethridge v. Samsung SDI Co., Ltd.*, in which the Texas plaintiff acquired, used, and was injured by an exploding battery in Texas, President Trump and Representative Jackson—like the plaintiff in *Johnson*—suffered no "in-state injury." 137 F.4th 309, 318-19 (5th Cir. 2025).[3]

## II.     Plaintiffs Fail To Establish Venue Is Proper In This District

Plaintiffs concede that venue does not lie under 28 U.S.C. § 1391(b)(3), which applies "if there is no district in which an action may otherwise be brought." Plaintiffs do not dispute that the action could have been brought in the Southern District of New York, and instead claim only that this fact is somehow "irrelevant to the venue analysis." ECF No. 61 at 15.

---

[3] In an effort to delay the inevitable, Plaintiffs ask for jurisdictional discovery. But they have identified no disputed questions of fact and, having failed to make a *prima facie* showing of personal jurisdiction, they have no basis to argue that discovery is "likely to produce the facts needed to withstand" a motion to dismiss. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014). That Dallas/Fort Worth may be "the fourth largest media market in the United States" and Amarillo "the largest media market in the Texas panhandle," ECF No. 61 at 14, does not contradict the unrefuted facts about where Defendants' actions relevant to this case occurred, *see* ECF No. 50-1.

Plaintiffs' sole basis for venue in this District, Section 1391(b)(2), requires that "a substantial part of the events or omissions giving rise to the claim" occurred in this District. There is no serious dispute that the events giving rise to the claims in this action had nothing to do with Texas or this District. Courts analyzing the venue statute's requirement look primarily, if not exclusively, to where the *defendant's* conduct took place. *See, e.g.*, *Turentine v. FC Lebanon II LLC*, 2022 WL 16951647, at *2 (N.D. Tex. Nov. 15, 2022) (Lynn, J.). Since this defeats their position, Plaintiffs look to the effects on them to support venue, contrary to the majority view in this Circuit, that "[a]ctions taken by a plaintiff do not support venue," *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000); *accord, e.g.*, *Ware v. United Rentals (N. Am), Inc.*, 2010 WL 1374583, at *3 (E.D. Tex. Mar. 30, 2010), and ignore Defendants' cited cases that say as much, *see, e.g.*, *Lalla v. G&H Towing Co.*, 2019 WL 11626516, at *3 (W.D. Tex. July 26, 2019) (cited in ECF No. 50 at 16). Further, even if it were appropriate to consider the plaintiff's actions or the effect on the plaintiff, "[t]he mere fact that [a] Plaintiff may feel the effects of Defendants' conduct in Texas because he resides in this state is insufficient to establish that venue is proper here." *Beasley v. Krafcisin*, 2014 WL 4651996, at *3 (N.D. Tex. Sept. 17, 2014) (Lynn, J.), *aff'd*, 609 F. App'x 215 (5th Cir. 2015); *accord, e.g.*, *Bigham*, 123 F. Supp. 2d at 1048.[4]

---

[4] Plaintiffs' cited cases are not to the contrary. Each case involved far more of a nexus between the forum district and the conduct at issue than is present here. In *Riddley v. CooperSurgical, Inc.*, the court found venue proper in Amarillo, where the plaintiff had undergone surgery to implant the defendants' product on her fallopian tubes and where she later became pregnant despite that insertion. 2024 WL 4557340, at *6 (N.D. Tex. Oct. 23, 2024) (Reno, J.). Likewise, in *Umphress v. Hall*, the dispute turned on whether the plaintiff would be required to officiate same-sex marriages, when he resided and attended church in the Northern District of Texas, had officiated a dozen weddings in the District, and refused to officiate same-sex weddings there. 479 F. Supp. 3d 344, 351-52 (N.D. Tex. 2020) (Pittman, M.). And in *Mist-On Systems, Inc. v. Nouveau Body & Tan, L.L.C.*, not only did both plaintiffs reside within the district, but the claims

6

Here, it is not even the case that Plaintiffs "felt the effect of Defendants' conduct" in Texas specifically, much less that Defendants' own conduct took place in Texas. The Interview took place in Washington D.C., where *Face the Nation* is largely edited, produced, and broadcast from, and the 60 Minutes Broadcast was edited, produced, and broadcast from New York. The challenged portion of the Interview addressed the Biden Administration's Middle East policy, and the Interview did not reference Texas. President Trump is not a resident of Texas and his only "media brand[]" identified in the Amended Complaint, Trump Media & Technology Group, is a separate entity not party to this action and headquartered in Florida, not Texas. *See id.* at 17. Representative Jackson is not alleged to have watched *Face the Nation* or *60 Minutes* from Texas or to have experienced any effects, in Texas or anywhere else.

Finally, Plaintiffs' argument that the Interview was "transmitted by Defendants into this District through *Paramount+* and on *YouTube*, and through KTVT, KTXA, KFDA, and other local Defendant CBS affiliates," ECF No. 61 at 17 (quoting ECF No. 36 ¶ 52), amounts to an argument that venue would be proper anywhere in the country, as CBS has affiliates, Paramount+ has subscribers, and YouTube has viewers nationwide. That is not the law, *see* ECF No. 50 at 18 (collecting cases holding that "'nationwide' distribution does not support a finding of proper venue"), and would "stretch the notion of venue far beyond its accepted bounds," *Francesca's Collections, Inc. v. Medina*, 2011 WL 3925062, at *3 (S.D. Tex. Sept. 7, 2011). The Court should therefore dismiss the case under Rule 12(b)(3) on the basis of improper venue.

### III.     At A Minimum, This Case Should Be Transferred To New York

---

arose out of letters that defendants wrote and calls defendants made to plaintiffs' customers in Texas. 2004 WL 7335080, at *4 (N.D. Tex. June 15, 2004) (Means, J.). Here, none of the "relevant events" is alleged to have occurred in this District, much less a substantial part. *Riddley*, 2024 WL 4557340, at *2.

If the Court were not inclined to dismiss the case, it should transfer the case under either 28 U.S.C. § 1406(a) or § 1404(a). As to Section 1406(a), two cases, both ignored by Plaintiffs, are especially instructive. In *Nunes*, the Texas court transferred the case to the Southern District of New York, holding that "a substantial number of events occurred" there, where defendant NBCUniversal is headquartered, where the challenged report was prepared and broadcast from, and where the show's producers work. 582 F. Supp. 3d at 404. Likewise, in *Trump v. Simon & Schuster Inc.*, the Florida court transferred the case to the Southern District of New York, even though President Trump resided in Florida and had brought claims under Florida law, because "relevant decisions regarding [the challenged work] were made there." 2023 WL 5000572, at *5 (N.D. Fla. Aug. 4, 2023). So too, here, the *60 Minutes* report was prepared and broadcast from New York, where the producers work and where relevant editing decisions were made.

If the Court were to conclude that venue is proper, transfer is still warranted under Section 1404(a). As to the private interest factors, Plaintiffs argue that the inconvenience to witnesses—"the most important factor in the transfer analysis," *Children's Health Defense v. WP Company, LLC*, 2023 WL 3940446, at *3 (N.D. Tex. May 12, 2023) (Kacsmaryk, J.)—"represents a stalemate" because, while "[v]irtually all of the CBS producers, journalists, and editors who may be expected to be witnesses in this case" are concededly based in New York, Representative Jackson would prefer to travel to Texas. ECF No. 61 at 19. That hardly reflects a "stalemate": there are many more New York-based witnesses with information relevant to the claims and defenses, and Representative Jackson, who is not alleged to have suffered any harm and is not even a party to one of the two claims, could be deposed in Washington D.C. or, if necessary, readily travel from Washington D.C. to New York. As to the public interest factors, Plaintiffs concede that New York has "strong policy interests in regulating the conduct of its

8

citizens and its media," but offer little on the side of Amarillo's interests, beyond that Representative Jackson—who, again, is at best a nominal party to this litigation—resides there and that CBS programming is available in Amarillo, as it is in the rest of the country. *See* ECF No. 61 at 20. Thus, as in *Children's Health Defense*, New York's greater localized interest tips the balance of the public interest factors in favor of transfer. 2023 WL 3940446, at *3.

### IV.    Defendants' Two Motions Are Proper

Seeking to avoid engaging with the substance of Defendants' arguments, Plaintiffs contend that Defendants' filing of two motions violated Rule 12(g)(2) and Local Rule 7.2(c). *See* ECF No. 61 at 6-9; ECF No. 62 at 6-9. Not so. **First**, Rule 12(g)(2) was enacted to limit "piecemeal consideration of a case," as when defendants file one motion then wait to file a second, *see* Fed. R. Civ. P. 12, Advisory Committee Note (1966). Defendants did not file seriatim motions; they filed two motions at the same time. **Second**, under the Fifth Circuit's concededly "permissive attitude towards Rule 12(g)(2)," ECF No. 61 at 8, Rule 12(b)(6) motions are not required to be consolidated. *See Doe v. Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d. 681, 686-87 (5th Cir. 2017); *Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007); *see also Alexander v. City Police of Lafayette*, 2021 WL 4396016, at *2-3 (W.D. La. Sept. 24, 2021) (cited in ECF No. 61 at 8) (considering two Rule 12(b) motions filed at the same time, as required under "binding Fifth Circuit precedent"). Rule 12(g)(2) states that a defendant cannot raise in a second motion a defense "available to the party but omitted from its earlier motion" "except as provided in Rule 12(h)(2) or (3)." Rule 12(h)(2), in turn, states that "[f]ailure to state a claim upon which relief can be granted . . . may be raised . . . by a motion under Rule 12(c)," and, "[a]lthough Rule 12(h)(2)(B) refers to 'a motion under Rule 12*(c)*' and not a motion to dismiss under Rule 12(b)(6), . . . the Fifth Circuit has interpreted the Rule to

9

allow defendants to raise new defenses in subsequent Rule 12(b)(6) motions as well." *Sutton Place 1 Townhouse v. AmGuard Ins. Co.*, 668 F. Supp. 3d 684, 692 n.26 (W.D. Tex. 2023). ***Third***, Plaintiffs suffered no prejudice from Defendants filing two separate motions—permitting the Court to rule on jurisdictional grounds without taking up the merits issues. Even Plaintiffs do not contend that Defendants forfeited any arguments. Indeed, in every one of Plaintiffs' cited cases, the court considered each filed motion, finding "no harm in allowing the second motion" where the parties could have simply filed an enlarged brief or filed the 12(b)(6) motion as a Rule 12(c) motion. *Columbia-Brazoria Indep. Sch. Dist.*, 855 F.3d. at 686.[5]

Plaintiffs' request that Defendants be directed to file a single consolidated motion, *see* ECF No. 61 n. 9 & ECF No. 62 n.9, would needlessly delay resolution of the motions but change nothing, and should be rejected for that reason.[6]

## **CONCLUSION**

For the foregoing reasons, this Court should dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(2) or 12(b)(3) or, in the alternative, transfer this case to the Southern District of New York.

---

[5] *See Burnett & Sons, Inc. v. Hall Cattle Feeders*, *LLC*, 2024 WL 3823537, at *1 (N.D. Tex. Apr. 30, 2024) (Kacsmaryk, J.) (reviewing plaintiffs' motion on the merits); *Leyse v. Bank of Am. Nat. Ass'n*, 804 F.3d 316, 320-21 (3d Cir. 2015) (same); *Albers v. Bd. of Cnty. Comm'rs of Jefferson Cnty.*, 771 F.3d 697, 703 (10th Cir. 2014) (holding that the district court properly considered defendants' motion as it "could have been brought as a 12(c) motion").

[6] If this Court were to grant the relief Plaintiffs seek, Defendants respectfully request leave to file an enlarged brief.

Respectfully submitted,

/s/ *Thomas C. Riney*

**UNDERWOOD LAW FIRM, P.C.**

Thomas C. Riney
State Bar No. 16935100
C. Jason Fenton
State Bar No. 24087505
PO Box 9158 (79105-9158)
500 S. Taylor, Suite 1200
Amarillo, TX 79101
Telephone: (806) 376-5613
Facsimile: (806) 379-0316
tom.riney@uwlaw.com
jason.fenton@uwlaw.com

**JACKSON WALKER LLP**

Marc A. Fuller
State Bar No. 24032210
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
mfuller@jw.com

**DAVIS WRIGHT TREMAINE LLP**

Elizabeth A. McNamara (admitted *pro hac vice*)
Jeremy A. Chase (admitted *pro hac vice*)
Alexandra Perloff-Giles (admitted *pro hac vice*)
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Telephone: (212) 489-8230
elizabethmcnamara@dwt.com
jeremychase@dwt.com
alexandraperloffgiles@dwt.com

*Attorneys for Paramount Global, CBS Broadcasting Inc., and CBS Interactive Inc.*